IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CALVIN ALPHONSE LEE, #152056,    )
     Plaintiff,    )
        )
v.    )    CIVIL ACTION NO. 2:07-CV-82-MHT
        )              [WO]
        )
ALABAMA DEPT. OF CORRECTIONS, et al.,    )
        )
     Defendants    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Calvin Alphonse Lee ["Lee"], a state inmate, challenges the conditions of confinement at the Frank Lee Youth Center.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Alabama Department of Corrections, his claims of threatening or abusive language directed at him by correctional officers and his allegations with respect to adverse actions taken against other inmates are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

### A.  The Alabama Department of Corrections

The law is well-settled that state agencies are absolutely immune from suit. *Papasan*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*v. Allain*, 478 U.S. 265 (1986).  Thus, the plaintiff's claims against the Alabama Department of Corrections are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]  The claims presented by the plaintiff against this defendant are therefore subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B.  Threatening and Abusive Language

Lee complains that correctional officers use threatening and abusive language in an effort to provoke a reaction from him.  An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981).  Threatening, derogatory or abusive comments made by a correctional officer to an inmate do not rise to the level of a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973).  Thus, the actions about which Lee complains fail to demonstrate that the defendants deprived him of any protected right, privilege or immunity.  Consequently, the claims presented in the instant complaint arising from threatening and abusive comments by correctional officers are frivolous as they lack an arguable basis in law.  *Neitzke*, *supra*.  Such claims are therefore subject to summary dismissal in accordance with the provisions of 28

---

Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

U.S.C. § 1915(e)(2)(B)(i).

## C. Claims on Behalf of Other Inmates

Lee attempts to present claims relative to alleged violations of other inmates' constitutional rights. In accordance with applicable federal law, Lee lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

With respect to claims arising from the alleged violations of other inmates' constitutional rights, Lee is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of [a] third part[y]." *Saladin*, 812 F.2d at 690. These claims allege "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 at 327.

3

Thus, the claims raised on behalf of other inmates are frivolous and subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Alabama Department of Corrections be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Alabama Department of Corrections be dismissed as a defendant in this cause of action.

3.  The plaintiff's claims of threatening and abusive language and his claims arising from alleged violations of the constitutional rights of other inmates be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

4.  This case, with respect to the remaining claims against the individual defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 15, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of February, 2007.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE