IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 FEB 13  A 10: 09

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

CALVIN ALPHONSE LEE #152056,
       Plaintiff,

v.                                          Civil Action No. 2:07-CV-82-MHT

ALABAMA DEPT. OF CORRECTIONS, et al.,
       Defendants.

## REPLY TO COURT ORDER - AMENDMENT TO COMPLAINT

I. SGT. Langford or Jackson, violated the Plaintiff Constitutional Rights. When she the Defendant failed to Maintain an Adequate Law Library. Of Which SGT. Langford was Appointed as Law Library Supervisor. And that Title carried demanding Responsibilities, Including seeing that the Law Library was maintained to the highest standards. Governed by An Administrative Regulation And Standard Operating Procedures. To which SGT. Langford Agreed to preform, And was given credit for toward future Promotions. Not only did SGT. Langford violate the Plaintiff Constitutional Rights. By her Negligence to preform her duties. But violated the Rights of 284 other Inmates at Frank Lee Youth Center. And Deliberately and willfully, Hindered the Plaintiff and other Inmates, from Accessing the Courts. SGT. Langford And her Superiors, Warden Cummins and Captain Burton Also Conspired with SGT. Langford. By falsely informing the State of Alabama Legal Division. That There Law Library was in Compliance with the States

Regulations. And Receiveing Funds For Material And Supplies That Never Where in the Law Library. Upon Request of the Plaintiff to be Granted The Opportunity to Go, to another Institutions that was Adequately And Sufficiently Equipped. So that the Plaintiff Could meet Court Deadlines. And Properly Prepare Post-Conviction Relief Material The Defendants allowed one visit, Not for the Purpose of Allowing the Plaintiff to Excercise his Rights. But to Deceive any Investigation or Inquiries into the situation. Displaying Unprofessional And deliberate Indifference Standards. Constant Request By the Plaintiff to Access and Adequate Law Library. Was Met with Retaliatory Malicious statements By SGT. Langford. The Plaintiff was then threaten, for being in the Company of Inmate Jimmie Reeder. Requesting certain library supplies. Unprofessional Statement were made such as, We are not going to Let you go anywhere. You don't have any Rights. And who is going to believe you inmates anyway.

(A) The Second Defendant Captain Horace Burton violated the Plaintiff Rights By Obvious and pervasively Ignoring the violation's when He was Appointed Designee in the absent of the Warden. When he had full knowledge of the Standard Operating Procedures. And failed to Instruct SGT. Langford, To follow Administrative Regulations. But instead attempted to mislead the Plaintiff and other Inmates. About the Adequacy of the Law Library. Captain Burton thus was negligent in doing his Job. And in supervising those under him for which he Receives a salary from the State of Alabama under the impression that he is a trusted servant of the State. Also violating ethic Policy. And Conspiring with other staff personnel to deprive one of his Constitutional Rights. Under the Color of Law.

All of this was done knowingly and deliberately with bias motive's against the Plaintiff.

B. The Third Defendant Classification Specialist Debra Martin. Violated the Plaintiff Rights by Discriminating against the Plaintiff. By Exploiting Racist motives an action's done through classifying procedure's. That the State of Alabama, Director of Classification and the Commissioner of Alabama Prisons Entrust upon her to perform honestly and fairly. That she the Defendant abuses, constantly by shielding herself behind her Job Description. It detected Defendant can claim, An common error from having to do so much paper work. Defendant discriminates against the plaintiff by hindering the Plaintiff from being Recommended for certain program's and Placement that the Plaintiff is eligible for. But can't he put in for these programs. By know one but the Defendant Debra Martin. So the inmates that she dislike or have had a disagreement with. They have long stay's at this Institution. The Plaintiff has been singled out as in this Category. Which is a violation of the State of Alabama Administrative Regulations, Policy and Procedures. And a Total violation of the Plaintiff Constitutional Rights. And a clear violation of the Alabama Ethic Policy for Employee's of the Ala D.O.C.

II. The Disciplinary Policy Here at Frank Lee Youth Center is Impartial and Bias, And the procedures in which it is administered violates Due Process Rights. It render's one punishment for this person And another punishment for this one.

When there is surpose to be one Guideline for all Inmates. It's Discriminatory

III. The Physical Conditions challenged here are the worned out equipment. Overcrowded Dorms. 72 inmates locked into one dorm to use one toilet. Judgement from the Staff on Defendents so egregiously bad that it take a mental toll on the plaintiff and other inmates. And create an enviroment Toxic to the Plaintiff mental health. Inadequate ventilation, Improperly installed heater leek Toxic and Noxious fumes Constantly, Excessive exposure to second hand smoke, Excessive noise P.A. System speaker in bathroom Renders Plaintiff deaf at times, Lack of fire safety no sprinkle system, Abusive and Un Professional Staff.

### Certificate of Service

I Calvin A. Lee the Plaintiff in the Above-styled Cause hereby Certify that I have on this date served a copy of the Foregoing Amendments to A Complaint # Civil Action No. 2:07-CV-82-MHT, on the Clerk of The District Court of the United States, for the Middle District of Alabama Northern Division By placing the same in the United States Mail, Postage Prepaid and properly Addressed at Frank Lee Youth Center on this 8th Day of February 2007.

Calvin G. Lee Pro Se
Plaintiff

Plaintiff Calvin A. Lee #152056-A31
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL 36022

Plaintiff Calvin A. Lee #152056-A31
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL 36022

Alvin A. Lee #159056-A31
F.L.Y.C
P.O.B 220410
Deatsville, AL 36022

Legal Mail

← LEGAL MAIL MONTGOMERY AL 361
2 FEB 2007 PM 1 L



Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN ALPHONSE LEE, #152056, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-82-MHT |
| | ) |
| ALABAMA DEPT. OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Upon review of the complaint filed by the plaintiff, and for good cause, it is

ORDERED that on or before February 14, 2007 the plaintiff shall file an amendment to his complaint which:

1. Specifically describes how each named defendant violated *his* constitutional right of access to the courts.

2. Identifies the disciplinary/disciplinaries lodged against him which violated *his* right to due process.

3. States whether he seeks to challenge the physical conditions of confinement at the Frank Lee Youth Center. If so, the plaintiff shall present specific facts in support of any claim challenging such conditions.

In responding to this order, the plaintiff is advised that he must set forth **short and plain statements** showing why he is entitled to relief. Each allegation in the pleading

should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. **The plaintiff is further advised that this case will proceed only against those claims presented in the amended complaint**.

The plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

Done this 30th day of January, 2007.

                /s/ Charles S. Coody
                CHARLES S. COODY
                CHIEF UNITED STATES MAGISTRATE JUDGE