## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

CALVIN ALPHONSE LEE (152056),  *
                              *

        Plaintiff,         *
                              *

VS.                       *       **2:07-cv-82-MHT**
                              *

**ALABAMA DEPARTMENT**  *
**OF CORRECTIONS, et al**,   *
                              *

        Defendants.      *

## ANSWER and SPECIAL REPORT

Comes now the Defendants, **Department of Corrections, John Cummins, Warden Horace Burton, Debra Martin, and Vivian Langford**, through the Attorney General for the State of Alabama, by and through its assistant attorney general, *Bettie J. Carmack*, and in accordance with this Honorable Court's Order of February 14, 2007, do hereby submit the following Special Report.

## PARTIES

A.    **CALVIN ALPHONSE LEE** (Plaintiff) – an Alabama Department of Corrections (ADOC) inmate currently imprisoned at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022. (Exhibit A)

B.    **JOHN CUMMINS** (Defendant) – an ADOC employee, currently employed as a Warden III at Bullock County Correctional Facility located at P. O. Box 5107 Union Springs, AL  36089.

C.      **HORACE BURTON, JR.** (Defendant) - an ADOC employee, currently Acting Warden at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022.

D.      **DEBRA MARTIN** (Defendant) – an ADOC employee, presently employed as a Classification Specialist at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022.

E.      **VIVIAN LANGFORD** (Defendant) – an ADOC employee, presently employed as an Administrative Sergeant at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022.

<u>**DEFENDANT'S EXHIBITS**</u>

In accordance with this Court's Order, the Defendants submit the following exhibits:

1.      Exhibit A –   Inmate Status Document from the Alabama Department of Corrections.

2.      Exhibit B –   Vivian Langford Affidavit

3.      Exhibit C –   Vivian Langford Amended Affidavit (attached library logs)

4.      Exhibit D-    John Cummins Affidavit

5.      Exhibit E -   Captain Horace Burton, Jr. Affidavit

6.      Exhibit F-    Captain Horace Burton, Jr. Amended Affidavit

7.      Exhibit G-    Debra Kay Martin Affidavit

## PLAINTIFF'S ALLEGATIONS

Inmate Lee raises a number of allegations regarding the prison law library.

The allegations related to the law library are summarized as follows:

- Sergeant Langford failed to adequately maintain the law library. (Amended complaint, pg. 1)

- Sergeant Langford and her supervisors, Warden Cummings and Captain Burton, conspired to lie about the library being in compliance. (Amended complaint, pg. 1) Sergeant Langford, Warden Cummins, and Captain Burton unlawfully received funds for materials and supplies that were not in the library. (Amended complaint, pgs. 1-2)

- Sergeant Langford fired Inmate Lee on January 4, 2007 from a law clerk position. (Complaint, pg. 2)

- Inmate Lee did not have the proper materials to prepare a post-conviction petition. (Amended complaint, pg. 2)

- Inmate Lee was allegedly threatened because he kept requesting library materials. (Amended complaint, pg. 2)

- Inmate Lee was allegedly threatened for being with Inmate Jimmie Reeder and requesting library supplies. (Amended complaint, pg. 2)

- Inmate Lee was singled out and threatened with verbal remarks. (Complaint, pg. 4)

- Captain Burton allegedly ignored the library violations. (Amended complaint, pg. 2) Captain Burton was negligent in doing his job. (Amended complaint, pg. 2)

Inmate Lee raised two vague allegations regarding the prison classification system and the prison's disciplinary policies. Inmate Lee alleged that he was discriminated against by the prison classification specialist because of his race and Inmate Lee alleged that the prison disciplinary policies violate his due process rights. (Amended Complaint pg. 5; Complaint pgs. 3, 5)

Inmate Lee raised the following claims regarding the condition of the prison:

- The equipment in the prison is "worn." (Amended complaint, pg. 4)

- The prison is overcrowded. There is only 1 bathroom for 72 inmates. (Amended complaint, pg. 4)

- The ventilation in the prison is inadequate. The heaters are installed improperly and leaking toxic fumes. Inmate Lee claims that he is being exposed to second hand smoke and a noisy "PA" system. Inmate Lee contends that the prison lacks proper fire safety equipment because the prison does not have sprinklers.

- Inmate Lee contends that the prison is not accessible to handicapped inmates. (Lee's affidavit, pg. 1)

- The staff at the prison are allegedly abusive and unprofessional. (Amended complaint, pg. 4)

## ANSWER

In answer to Inmate Lee's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign, qualified immunity, and absolute immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

## ARGUMENTS IN SUPPORT OF DISMISSING THE PLAINTIFF'S COMPLAINT

A.    *Law Library (access to the courts)*

Inmate Lee raises a number of claims related to the law library. Inmate Lee has attempted to claim that he has been denied access to the courts by an improperly equipped law library. Inmate Lee has also asserted that he has been denied access to the law library because threats have been made against him and he was fired from the law library. Inmate Lee's contentions are without merit.

The United States Supreme Court has stated that prison authorities are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." McConico, Jr. v. Martin, 716 So. 2d 222, 223 (Ala.

Civ. App. 1998) *quoting* <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).  To have "standing to seek relief under this constitutional right to access to the courts, a plaintiff must show 'actual injury.'" *See id. citing* <u>Jackson v. State Bd. Of Pardons and Paroles</u>, 331 F. 3d 790, 797 (11th Cir. 2003).  To show 'actual injury', "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that [was non-frivolous], that result[ed] from [the] actions of prison officials.'" <u>Miller v. Donald</u>, No. 04-13695, 2005 WL 1182618, at *2 (11th Cir. May 19, 2005) *quoting* <u>Wilson v. Blankenship</u>, 163 F. 3d 1284, 1290 (11th Cir. 1998).  In this case, the Inmate Lee has not shown that he has been denied access to the library (access to the courts) or that he was injured by the alleged denial of access to the courts.

Inmate Lee arrived at Frank Lee Youth Center on June 14, 2006. (*See* exhibit **C**).  Inmate Lee was initially assigned to work as a bathroom cleaner. *See id*.  Inmate Lee, however, requested to use "Lexis-Nexis" so much, that he was placed as a worker in the law library on July 27, 2006. *See id*., pg. 2.  While Inmate Lee worked in the law library he used the computer constantly.  Inmate Lee was fired for his constant use of the computer on January 4, 2007. *See id*.

Inmate Lee used Lexis-Nexis on the following dates, for a period of 45 minutes or more:

June 15, 18, 20, 22, and 27, 2006.
July 5 and 20, 2006.
August 8, 2006.
October 6, 2006
December 12, 2006.
January 11 and 29, 2007.

Inmate Lee had access to the law library before he started working in the library, during the time he worked in the law library, and after he was fired from the library. (*See* exhibit **C** and attachments)  The records indicate that Inmate Lee has not been denied access to the law library and, therefore, his claim that he has been denied access to the courts is without merit.

Furthermore, even if Inmate Lee was allegedly denied access to the courts, he has failed to show what injury he suffered as a result of the deprivation. To have "standing to seek relief under this constitutional right to access to the courts, a plaintiff must show 'actual injury.'" *See* <u>McConico, Jr. v. Martin</u>, 716 So. 2d 222, 223 (Ala. Civ. App. 1998) *citing* <u>Jackson v. State Bd. Of Pardons and Paroles</u>, 331 F. 3d 790, 797 (11th Cir. 2003). Inmate Lee claims that he did not have proper materials to file a post-conviction petition. (Amended complaint, pg. 2) Inmate Lee did not, however, produce a copy of an order stating that a post-conviction petition was due or denied. In addition, Inmate Lee filed the current complaint on February 13, 2007, which contradicts the fact that Inmate Lee is unable to file documents in court. Because Inmate Lee had access to the law library, had access to Lexis-Nexis, and failed to produce evidence that he was injured by the alleged denial of his access to the court, Inmate Lee's "access to the courts" claim is due to be dismissed.

B.    *Racial Discrimination Claim*

Inmate Lee makes a vague claim that Debra Martin discriminated against him when she prevented him from being recommended to certain programs and placements. Inmate Lee does not state what programs or placements he was not recommended for or why Debra Martin did not recommend him for these programs and placements. Inmate Lee's claim is vague and conclusory. Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d 553, 557 (11th Cir. 1984); Sanders v. Miller, 837 F. Supp 1106, 1109 (N.D. Ala. 1992) *citing id.*.

C.    *Due Process Claim*

Inmate Lee contends that the disciplinary policies are "impartial and bias." According to Inmate Lee, the policies do not apply equally to all inmates. Inmate Lee does not state the specific policy he challenges or the policy's direct affect on him. Inmate Lee's claim is vague and conclusory. Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d at 557; Sanders v. Miller, 837 F. Supp 1106, 1109 (N.D. Ala. 1992) *citing id.*.

D.    *Prison Conditions Claim*

"The Eighth Amendment . . . prohibits conditions of confinement that involve the wanton and unnecessary infliction of pain . . . The Amendment[, however,] only prohibits those conditions that deny the 'minimal civilized measure of life's necessities.'" Patterson v. Campbell, No. 305CV443-S, 2006 WL 517607, at *3 (W.D. Ky. Feb. 28, 2006) *quoting* Rhodes v. Chapman, 452 U.S. 337, 347-348 (1981).  Conditions that may evidence the denial of minimal life's necessities include: deprivations of essential food, medical care, or sanitation and an increase in violence.  *See* Rhodes v. Chapman, 452 U.S. at 347-348. Conditions, however, that are just "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses to society." *See id*., at 347. Inmate Lee has made several meritless allegations regarding the conditions at Frank Lee Youth Center.

**1.    The equipment in the prison is "worn."**

Inmate Lee made a broad statement that the equipment at Frank Lee Youth Center is worn.  Inmate Lee did not state what equipment was worn and what impact the allegedly worn equipment had on him.  Inmate Lee's allegation is vague and conclusory.  Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1

*citing* <u>Fullman v. Graddick</u>, 739 F. 2d at 557; <u>Sanders v. Miller</u>, 837 F. Supp at 1109 *citing id.*.

      **2.**      **The prison is overcrowded; there is allegedly only 1 bathroom for 72 inmates**.

Inmate Lee has asserted that there are not enough bathrooms for the inmates in the allegedly overcrowded facility.  Inmate Lee's contention is without merit.  According to Warden Cummins, Frank Lee Youth Center has 4 dorms and each dorm has a toilet, sink, and mirror.   (*See* exhibit **D**)  In addition, in "the middle of [all of the] dorms exists a common bathroom with multiple showers, toilets, sinks, urinals and mirrors." *Id*.  In fact, the common bathroom has 14 toilets, 10 urinals, and 18 sinks. (*See* exhibit **E**)  The bathroom facilities are more than adequate for the inmates at Frank Lee Youth Center.

      **3.**      **The ventilation in the prison is inadequate; the heaters are installed improperly and leaking toxic fumes.**

Inmate Lee has asserted that toxic fumes are leaking into the prison.  Inmate Lee's contention is without merit.    There have been no current complaints about toxic fumes from leaking heaters and all the heaters are properly installed. *See id*.; *see also* exhibit **D**.  According to Captain Burton, any malfunctioning equipment is repaired immediately. *See* exhibit **F**.

**4.      Inmate Lee claims that he is being exposed to a noisy "PA" system.**

Inmate Lee contends that he is going deaf from the loud PA system.  The PA system is used "to notify inmates of meal time, pill call, yard call, inspections and to locate inmates for various reasons." (Exhibit **F**)  A loud PA system may be harsh, but it is one of the penalties Inmate Lee has to pay for any criminal offense he has committed against society.  *See* <u>Rhodes v. Chapman</u>, 452 U.S. at 347-348

**5.      Inmate Lee contends that the prison lacks proper fire safety equipment because the prison does not have sprinklers**.

Inmate Lee contends that the prison is not fire safety compliant because it lacks a sprinkler system.  Although the prison lacks sprinklers, it contains fire extinguishers, conducts monthly fire drills, and has evacuation procedures posted throughout the prison.  *See* exhibit **F**.  Furthermore, Frank Lee Youth Center has been inspected by the fire marshal and passed inspection.  *See* exhibit **D**.

**6.    Inmate Lee contends that the prison is not accessible to handicapped inmates.**

In an attachment to his complaint, Inmate Lee has made a vague and conclusory allegation that the prison facility is not accessible.  Inmate Lee does not allege that he is handicapped or how handicapped inaccessibility as harmed him. Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d at 557; Sanders v. Miller, 837 F. Supp at 1109 *citing id.*.

**7.    The staff at the prison are allegedly abusive and unprofessional.**

Inmate Lee has made a vague and conclusory allegation that the prison staff are allegedly abusive and unprofessional.  Inmate Lee has not given specific instances of abuse or unprofessional conduct.    Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed."  Forehand v. Roberts, et al, 1992 WL 554241, at *1 (M.D. Ala. 1992) *citing* Fullman v. Graddick, 739 F. 2d 553, 557 (11th Cir. 1984); Sanders v. Miller, 837 F. Supp at 1109 *citing id.*.

    **9.**     **Inmate Lee claims that he is being exposed to second hand smoke**.

Inmate Lee asserts that he has been exposed to second hand smoke.  This allegation is vague and conclusory.  Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed."  <u>Forehand v. Roberts, et al</u>, 1992 WL 554241, at *1 (M.D. Ala. 1992) *citing* <u>Fullman v. Graddick</u>, 739 F. 2d 553, 557 (11th Cir. 1984); <u>Sanders v. Miller</u>, 837 F. Supp at 1109 *citing id.*.

Furthermore, Frank Lee Youth Center inmates are prohibited from smoking in the building.  Any inmate caught smoking in the building is subject to disciplinary action.  *See* exhibits **D** and **F**.

## <u>CONCLUSION</u>

Inmate Lee has failed to show that the conditions at Frank Lee Youth Center have resulted in his being denied minimal life necessities and, as a result, Inmate Lee's complaint is due to be dismissed.  *See* <u>Patterson v. Campbell</u>, No. Civ. A. 305CV443-S, 2006 WL 517607, at *3 (W. D. Ky. Feb. 28, 2006)("Although Plaintiff describes uncomfortable, arguably harsh conditions . . . none of the allegations fall within the ambit of conduct or conditions that run afoul of the Eighth Amendment.  The complaint contains no allegations that Plaintiff was deprived of the minimal measure of life's necessities.  The complaint thus fails to assert . . . conditions . . . of [a] constitutional magnitude.")

14

**INMATE LEE'S COMPLAINT IS DUE TO BE DISMISSED BECAUSE
THE DEFENDANTS ARE IMMUNE FROM LIABILITY.**

Inmate Lee's claims are due to be dismissed because the Defendants are

immune from liability. As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of
> Corrections is barred by the Eleventh Amendment, unless Alabama
> has consented to the filing of such a suit. Edelman v. Jordan, 415
> U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323
> U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292
> (1937). Respondents do not contend that Alabama has consented to
> this suit, and it appears that no consent could be given under Art. I, §
> 14, of the Alabama Constitution, which provides that no consent
> could be given under Art. I, § 14, of the Alabama Constitution,
> which provides that 'the State of Alabama shall never be made a
> defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against

the State. In addition, there has been no consent or waiver of immunity in this case.

Thus, the Defendants are absolutely immune from liability. *See* Alabama v. Pugh,

438 U.S. at 782 ("There can be no doubt . . . that suit against the State and its Board

of Corrections is barred by the Eleventh Amendment.").

Qualified immunity "protects government officials from civil trials and

liability when their conduct in performing discretionary functions 'violates no

clearly established statutory or constitutional rights of which a reasonable person

would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir.

1998). Because the alleged acts of the Defendants consist of discretionary

functions, and because the actions do not violate any clearly established

constitutional or statutory rights, the Defendants are protected by qualified immunity.  Wilson v. Blankenship, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

Inmate Lee has made no direct claim against John Cummins or Captain Burton. Inmate Lee appears to have named John Cummins and Captain Burton as defendants because they supervise Sergeant Langford.  There is, however, no respondeat superior liability in § 1983 cases.  *See* Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992).  Therefore, John Cummins and Captain Burton are due to be dismissed from the lawsuit.


Respectfully Submitted,

Troy King (KIN047)
Attorney General


/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Division*
11 South Union Street
Montgomery, AL  36130
Phone: 334-353-5305
Fax: 334-242-2433
Email: bcarmack@ago.state.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 23rd day of March , 2007, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Calvin A. Lee**
**AIS #152056-A31**
**P. O. Box 220410**
**Deatsville, AL  36022**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

EXHIBIT

_A_

PENGAD 800-631-6989

Search Again        Results Key

| AIS | Inmate Name | Race | Sex | Birth Date | Current Location | Release Date | Code |
|-----|-------------|------|-----|-----------|------------------|--------------|------|
| 152056 | LEE, CALVIN ALPHONSE | B | M | 5/16/1956 | Frank Lee Youth Center | 01/24/2008 | |



# AFFIDAVIT

Vivian Langford

_____
(Affiant)

**2:07-CV-82-MHT**

_____
(Case #'s)

## STATE OF ALABAMA

## County of Elmore

I, Vivian Langford, have prepared this affidavit in response to civil actions filed by Inmate Calvin Lee #152056. I am the Administrative Sergeant at Frank Lee Youth Center (henceforth FLYC) in which one of my responsibilities is to supervise the Inmate Library. My response is as follows in the order in which the complaint is file:

Inmate Lee has filed a complaint that is not factual. Frank Lee Youth Center inmates are provided access to the courts via Lexis Nexis; the Alabama Department of Corrections contracted provider of legal material. Lexis Nexis provides the legal material in a digital format. Lexis Nexis also sends updates in digital format (software) to Frank Lee Youth Center quarterly. As soon as these quarterly updates are received, I load the software containing the updates onto the Law Library computer **(see attached dates of all updates at FLYC since the arrival of Lexis Nexis).**

Inmate Lee has access to the Lexis Nexis, as in all the other inmates assigned to Frank Lee Youth Center. FLYC inmate usage of the Lexis Nexis is low, and in many cases, the inmates to include Inmate Lee may remain on the Lexis Nexis as long as necessary to research their legal cases. If Inmate Lee is not utilizing the Law Library system that the ADOC has placed in the institutions for inmates, then that is his fault. **(Also see attached computer logs).**

All regulations, SOP's, and handbooks authorized for inmates are in the library and is available for the inmate population to review. The library hours to include Lexis Nexis hours and usage are posted for the inmates and are a part of the institutional SOP.

Inmate Lee has stated in his complaint that I am "falsely informing the State of Alabama Legal Division that the Law Library was in compliance with the State Regulations and Receiving funds for Material and supplies that were never in the Law Library." This is a frivolous claim. Inmate Lee is not privy to any communication that I may have had with the ADOC Legal and all required supplies are in FLYC Library. These supplies are issued to the Library clerks for issue to the inmates. Myself or the Administrative Officer now issue legal kits (see attached).

Inmate Lee also boldly lies in his complaint when he alleges that I made the statement "We are not going to let you go anywhere. You don't have any right's and who is going to believe you Inmates anyway." I did not make this statement or any other statement similar to what Inmate Lee alleges. Inmate Lee is one of over two hundred inmates assigned at FLYC. The Library is one area of my responsibility. I do not have time for personal vendettas against inmates, as Inmate Lee alleges. If this complaint were justified or had some legitimacy of the truth, it would not be a problem; however, this affiant believes the time it takes to prepare such a lengthy affidavit takes away valuable time and resources that could be used to conduct my numerous other duties. Inmate Lee is angry that he was removed from his previous job as a library worker. In fact, Inmate Lee complaint comes after I recommended his removal as library clerk due to receiving numerous complaints from the inmate population that Inmate Lee was hoarding the Law Library computer and keeping all of the legal kits for himself. Inmate Lee, in my opinion, also gave the appearance as being a lawyer due to the him always

having in his possession large amounts of legal material belonging to other inmates. In addition, I received a number of complaints that Inmate Lee did not know "how to work on their cases". AR 214 prohibits the inmates working in the library from pretending/giving the appearance of being a lawyer. I cannot condone such a practice in that it is against the rules; therefore, Inmate Lee was job boarded and removed as a library clerk.

_____
(Signature of Affiant)

P.O. Box 220410
_____
(Address)

Deatsville AL 36067
_____
(City, State, Zip Code)

Sworn to and subscribed before me this 27th day of February , 2007.

_____
(Notary Public)

Seal

My Commission Expires _____1/9/09_____

# AMENDMENT TO AFFIDAVIT

Vivian Langford

_____
(Affiant)

**2:07-CV-82-MHT**

_____
(Case #'s)

## STATE OF ALABAMA

## County of Elmore

I, Vivian Langford, have prepared this amendment to the Affidavit in response to civil actions filed by Inmate Calvin Lee #152056. This amendment has been prepared to clarify the availability/usage of the Lexis Nexis to Inmate Lee.

Inmate Lee arrived at FLYC on June 14, 2006. Inmate Lee was job boarded like all other newly assigned inmates at FLYC. Inmate Lee was assigned a job within the facility as a bathroom cleaner. Inmate Lee requested on numerous occasions' to use the Lexis Nexis. FLYC inmate usage of the Lexis Nexis is low, and in many cases, the inmates to include Inmate Lee may remain on the Lexis Nexis as long as necessary to research their legal cases. However, because of Inmate Lee's numerous request, I re-assigned him (Lee) to the Library as an extra Law Clerk. By doing this, Inmate Lee would be afforded ample time to conduct his legal research/work without it interfering with his (Lee) job assignment inside the institution. The attached computer logs will indicate that inmates assigned at FLYC could remain on Lexis Nexis in many cases beyond the stated 45 minutes. The following summarizes Inmate Lee's Lexis Nexis usage or opportunity for usage is as follows:

> June 14, 2006 – Inmate Lee arrives at FLYC
> June 15, 18, 20, 22, 27, 2006 – Inmate Lee uses Lexis Nexis
> July 5, 20, 2006 – Inmate Lee uses Lexis Nexis
> July 27, 2006 - Inmate Lee assigned as Library Clerk (as an extra to work on his legal work).
> Aug 8, 2006 – Inmate Lee signed sheet for using the computer. (Possible Off Day)
> October 6, 2006 - Inmate Lee was placed in SAP, but he volunteered to continue to work in Library.
> December 12, 2006 – Inmate Lee was re-assigned as Library Clerk (Law/Library clerk does both jobs)
> December 29, 2006 – Removed Lee as Library clerk as stated in Affidavit.
> January 11, 2007 – Inmate Lee used Lexis Nexis
> January 29, 2007 – Inmate Lee used Lexis Nexis

Inmate Lee has had access to the Lexis Nexis, as in all the other inmates assigned to Frank Lee Youth Center, if not more. I have attached copies of FLYC computer logs and Job History Processing for Inmate Lee showing his actual job assignments

_____
(Signature of Affiant)

P.O. Box 220410
_____
(Address)

Deatsville AL 36022
_____
(City, State, Zip Code)

Sworn to and subscribed before me this _13th_ day of _March_, 2007.

_____
(Notary Public)

Seal                          My Commission Expires _11/9/09_

MAR. 13, 2007                    JOB HISTORY PROCESSING                                    INMJHR
                                 JOB CHANGE LOG BY AIS #

| ---CHANGED---- | | | | -------------CHANGED------------- | | | |
| DATE | TIME | AIS | NAME | | FROM | | TO | F |
| 06/20/06 | 14:46 | 152056 | LEE, CALVIN | | UNASSIGNED | PM | BATH 2ND | N |
| 07/26/06 | 07:47 | 152056 | LEE, CALVIN | PM | BATH 2ND | E | LAW CLERK | N |
| 10/06/06 | 15:21 | 152056 | LEE, CALVIN | E | LAW CLERK | S | SAP 06-07 | N |
| 12/08/06 | 15:53 | 152056 | LEE, CALVIN | S | SAP 06-07 | E | LIBRARY CLERK | N |
| 12/29/06 | 15:26 | 152056 | LEE, CALVIN | E | LIBRARY CLERK | E | PERM | Y |
| 01/08/07 | 10:46 | 152056 | LEE, CALVIN | E | PERM | B | BATH 1ST | N |

LAST PAGE    1

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

Sgt. Langford copy

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 2/1/07 | William Langford | | | | |
| 2/1/07 | Corey Bryant 16479 | 0-8A | | 2:30 p.m | |
| 2/1/07 | | D-27 | | | |
| 2-1-07 | | | | | |
| 2-2-07 | Charley Hicks | A-30A | | | |
| 2-2-07 | Andrew Bonner | B-11-A | | 3:50 pm | 5:00pm |
| 2-2-07 | Corey Bryant | D-2A | | | |
| 2-2-07 | Marty Wells | D-2) | | | |
| | | C-1B | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.
If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| | | | #1 | 9:15 | |
| 2-16-07 | | 8y-86 | | 9:08 | |
| | | 10-8 | | 8:15 | 8:30m |
| | Croly Bryant | A-2-4 | ✓ | 10:10 | |
| | 163375 | 10-8 | ✓ | 5:50 | 9:30 |
| 2-12-07 | Trog Watkins 157855 | B-11-A C-818 | ✓ | 9:00 | 9:30 |
| | | | ✓ | 12:00 | |
| | | | ✓ | 12:45 | 1:10 |
| | | | ✓ | 2:10 | 2:50 |
| | | | ✓ | 12:45 | |
| | | | ✓ | 12:25 | |
| 2-20-07 | | A-2 | | | |
| 2-19-07 | Andn Bonner | B-11-A | | 1:50 | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

1-29-07

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|------------|------------|---------------|
| 1-28-07 | Charlie Bugg 246241 | # 20-7 | | | |
| 1-29-5 | Jimmy Braun 158331 | 2-A | | | |
| | Jamie Ellards 2/12/4 | 84-B | | | |
| 1-39-07 | ANDRE BANNER | B-11-A | | 2:30 pm | 4:15 pm |
| | Michael Croom | A-8-4 | | 11:50 am | 12:35 pm |
| | Wesley Egerson/1180 | 8-808 | | 1:00 2:43 | 3:43 |
| 1-30-01 | | | | | |
| 8-1-07 | Charley Bugg 246241 | 6-208 | | 1:25 pm | |
| | Neal Baker | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.
If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| 1-22-01 1000 | Jamel Covington 2400 Andre Keeton | 1-16 1-21 | 1 | 9:15 8:44 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| 12-17-17 | _illegible_ | | | 1:15 PM | |
| | _illegible_ 152397S | | | 3:30 PM | 4:45 PM |
| 1-25-07 | _illegible_ | 2-2 | | | PM |
| 1-23-07 | Andre Bonner | 1-27-8 | | 6:28 PM | 7:05 PM |
| 1-24-07 | Jimmy L Recter 150216 | 1-L13 | | 8:30 pm | 9:05 PM |
| 1-24-07 | Jimmy _illegible_ | 10-B-12 | | 12:12 pm | 1:09 pm |
| 1- | _illegible_ | | | _illegible_ pm | _illegible_ |
| 1-24-07 | _illegible_ | 8-27 | | _illegible_ pm | _illegible_ |
| 1-25-07 | R. Day 149704 | C-2 | | _illegible_ | 3:02 pm |

Start 1-25-07   List   1-26-07

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 1-25-07 | Robert Day | | | | |
| 1-26-07 | Stanley Halley | 15-A | —— | 12:30 PM | 1:05 PM |
| 1-26-07 | Robert Day | 9- | | 2:00 pm | |
| 1-22-07 | Dave White | 34-B | | 3:00 pm | |
| 1-27-07 | R. Day 149664 | C-7 | | 4:00 pm | |
| 1-26-07 | C. Wils | 22-A | | 2:30 pm | 4:15 pm |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|----------------------------|-----|------------|------------|---------------|
| 9/16/07 | Knowron | 4-17 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

Nov 29, 2006

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|--------------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | *151322* 154256 | 131 | | 13:34 | |
| 12-29 | *Tyrone Clark* 154256 | 204 | 1 | 10:30 am | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes.  You  will be responsible for any damages
caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|----------------------------|-----|------------|------------|---------------|
| 12-27 | *Jimmy Daley* 180252 | 4-51 | | 12:05 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*Dec 27, 2006*

# LAW LIBRARY COMPUTER

December 19, 2006

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| 12-20-06 | | 32 | 1 | | |
| 12-20-06 | | 36 | 1 | 2:24 PM | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|------------|------------|---------------|
| 12-5-06 | Thomas Wilson 234028 | 63 | Gray 1 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.
If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| | | 4-46 | #1 | 10:38 | 11:52 |
| 06/22/06 | Calvin Lee 152056 | 4-46 | #1 | 12:20 | |
| | | | | Q. m. | |
| | | 4-35 | #1 | 8:00 am | |
| | | 4-5 | #4 | | |
| | | | | | |
| | | 4-16 | #1 | | |
| | | | | | |



# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes.  You  will be responsible for any damages
caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 5-9-06 | | 1-74 | | 9:55 | 10.00 |
| 5-12-06 | | 2-10 | | 8:75 | |
| 5-14-06 | T. Laurence | 1-70 | | 9:55 | |
| | S. Shoaf Ir | | | 8:05 | |
| | | | | 8:08 | |
| | | 3-21 | | | |
| | | 3-25 | | 2:15 | |
| 6-8-06 | | | | | |
| | Ianvul i Williams | 1-17 | | 10.00 | 10.00 |
| 6-9-06 | | | | | |
| 6-11-06 | G. Bryant | | | | |
| | | | | | |
| 6-15 | D Bruce | 3-11 | | 11.00 | 11:06 |
| 6- | C. Lee | 4-46 | | 11.06 | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| 4-13-06 | B. Gibson 149783 | 1-46 | 11 | 9.01 | |
| 4-13-06 | Michael Hershard 211357 | 2-33 | 1 | 12:07 | 12:50 |
| 4-17-06 | B. Gibson | 1-46 | | 9:06 | 11:07 |
| 4-17-06 | B. Gibson | 1-46 | 11 | 8:30 | 1:00 |
| 4-18-06 | B. Gibson | 1-46 | 11 | 8:30 | 1:30 |
| | | | | | |
| | | | | | |
| | | | | | |
| 5-3-06 | R. Gibson | 1-4-6 | | 9:00 | 10:00 |
| | | | | | |
| | | | | | |
| | | | | | |
| 5-4-06 | B. Hale | 1-96 | | 8:30 | 10:00 |
| 5-5-06 | B. Gibson | 1-46 | | 8:45 | 10:00 |
| | | | | | |
| 5-5-06 | B. Gibson | 1-46 | | 12:00 | 1:00 |

# LAW LIBRARY COMPUTER

**Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.**
**If you need assistance check with the staff or with the Computer clerk.**

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 3/4/06 | Rufus Gibson | 1-46 | 11 | 8:14 | 1:23 |
| 3-4-06 | Rufus Gibson | 1-46 | 11 | 12:05 | 1:07 |
| 3-15-06 | Rufus Gibson | 1-46 | 11 | 8:04 | 9:33 |
| | | 1-46 | | 8:44 | |
| 3-20-06 | R. Gibson | 1-46 | 11 | 9:05 | 10:21 |
| 3-31-06 | Heston Jordan | 4-46 | 11 | | 10:10 |
| 3-31-06 | Terry Miller | 36.7 | 11 | 11:46 | 12:13 |
| 3/31/06 | Terry Miller | 345 | | 12:13 | 12:21 |
| 4-4-06 | Johnny Lee | 1-46 | 11 | 2:15 | 12:31 |
| 4-5-06 | Rufus Gibson | 1-46 | 11 | 8:30 | 10:05 |
| 4-06-06 | Rufus Gibson | 3-08 | | 8:38 | 10:00 |
| 4-06-06 | Terrence Lewis | | | 9:00 | 1:00 |
| 4-6-06 | Jonathan Hunter | 3-72 | 1 | 12:43 | |
| 4-7-06 | | 4-46 | 1 | 1:30 | 1:30 |
| 4-7-06 | | 1-71 | | | 1:40 |
| 4-9-06 | | 1-71 | | | |
| 4-11-06 | | 1-46 | | 10:00 | 1:30 |
| 4-12-06 | | 1-46 | | 9:30 | 1:30 |

# LAW LIBRARY COMPUTER



**Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.**

**If you need assistance check with the staff or with the Computer clerk.**

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| | | | | | 10:01 |
| | | | | | |
| 2-1 | Terry Hughes 234316 | 4-16 | | | |
| 2-1 | | 3-63 | | 1:05 | |
| 2-1 | | 2-43 | | 2:00 | |
| 2-17-06 | Chad Craig  237444 | 4-441 | | | |
| 2-17-06 | John Walthall  242615 | 4-27 | | 9:09 | 9:50 |
| 2-17-06 | Joel  | 2-3 | | | |
| 2-8-06 | Rufus Wilson | 33 | 1 | 12:05 | 1:03 |
| 2-8-06 | Rufus Wilson | 1-46 | | 1:06 | 1:03 |
| 3-3-06 | | | | 9:50 | |
| 3-8-06 | R. Wilson | 1-46 | | 12:13 | 1:06 |
| 3-8-06 | R. Wilson | 1-46 | | 8:24 | 1:45 |
| 3-9-06 | R. Wilson | 1-46 | | 12:05 | 9:55 |
| 3-10-06 | A. Wilson | 1-46 | | 9:10 | 9:55 |
| 3-10-06 | R. Gibson | 1-46 | | 12:30 | 10:10 |

# LAW LIBRARY COMPUTER

**Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.**

**If you need assistance check with the staff or with the Computer clerk.**

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 11-21-05 | Matthew Smith | 1-62 | 1 | 11:43 | 12:30 |
| 11-29-05 | Matthew Smith | 1-62 | 1 | 8:46 | 10:00 |
| 12-2-05 | Tim Berryman | 4-32 | 1 | 8:00 | |
| 12-3-05 | Matthew Smith | 1-62 | 1 | 9:30 | 9:43 |
| 12-14-05 | Matthew Smith | 4-11 | 1 | 12:00 | |
| 12-16-05 | Damon Carter | 1-11 | 1 | 9:00 a.m | 18:46 |
| 12-30-05 | Kenneth Skelnik | | 1 | 9:00 a.m. | |
| 12-28-05 | Kenny M. Skelnik | 1-11 | 1 | 9:00 am | |
| Cf. 12-29 | Tim Berryman | 4-32 | 1 | 8:37 | 8:45 |
| 2-30 | Matthew Smith | 1-62 | | 9:27 | 9:32 |
| 12-31 | Matthew Smith | 1-62 | 1 | 9:11 | 12:66 |
| 1-1-06 | Matthew Smith | 1-62 | 1 | 8:43 | 12:66 |
| 1-3-06 | Tim Berryman | 4-32 | 1 | 12:00 | |
| 1-14-16 | John Wright 241554 | 1-03 | 1 | 9:22 | 9:50 |
| 1-31-06 | John Bryan Allison | 1-43 | | 8:30 | |
| 1-3-06 | Jerry Harper 165845 | 363 | | 12:33 | 100 pm |
| 2-1-06 | Ashford Jackson 243905 | 333 | | 9:00 am | 7:30 am |

# LAW LIBRARY COMPUTER

Minimum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer Clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 10-23-06 | Viny Dickens | 4-08 | | | |
| 10-31-06 | Che Swindle | 4-61 | | | |
| 11-1 | Clavin Lee | 3-72 | | | |
| 11-1 | | | | | |
| 11-2 | Andie Bonner | 3-65 | | | |
| 11-08 | | | | | |
| 11-09 | C. Dudley | 4-4 | | 8:15 a.m. | 9:45 a.m. |
| 11-11 | | 3-08 | | | |



# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes.  You  will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 10-3 | Terry Davis  203537 | 4-4 | 1 | 12:15 | 12:30 |
| 10-6 | Matthew Smith 186623 | 1-67 | 1 | 8:22 | 9:37 |
| 10-6 | Gino Cineckel | B-33 | 1 | 10:36 PM | 1:00 |
| 10-18 | Matthew Smith | 1-57 | 1 | 9:03 am | 9:30 |
| 10-20 | Thomas McDaniel | 4-68 | 1 | 12:13:0 | 12:55 |
| 10-21 | R. Thomas | 1-72 | 1 | 8:34 | 9:21 |
| 10-24 | A Benson | B-41 | 1 | 8:15 | 8:25 |
| 10-24 | M Smith | 1-57 | 1 | 12:00 | 1:05 |
| 10-26 | R Williams | 1-72 | 1 | 5:35 | 9:00 |
| 10-29 | M Smith | 1-57 | 1 | 10:58 | 12:58 |
| 11- | | | | | |
| 11-30 | R. Thomas | 1-72 | 1 | 9:00 | 9:30 |
| 11-3-05 | Matthew Smith | 1-62 | 1 | 11:57 | 12:30 |
| 2-6-05 | Matthew Smith | 1-62 | 1 | 9:32 | 9:15 |
| 11-10-05 | Kenneth Slehtt | 1-11 | 1 | 8:30 | 9:5 |
| 11-21-05 | John Hughes | 1-21 | 1 | 8:30/9:00 | 3:12 |
| 11-9-05 | Matthews smith | 1-68 | | 1:05 | |

# LAW LIBRARY COMPUTER

**Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.**

**If you need assistance check with the staff or with the Computer clerk.**

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| 6-3-06 | Ricky Carson | 3-2 | 1 | 12:30 | 1:15 |
| 6-30B | Davidson P. Brown | 4-30 | 1 | 9:06 | 9:30 |
| 8-29 | Michael Cole | 2-36 | 1 | 8:45 | 4:00 |
| 8-23 | Davidson P. Brown | 4-31 | 1 | 8:55 | 9:40 |
| 8- | Clay Washington | | 1 | 2:45 | 2:15 |
| 9-15 | Karl Andersson | 3-45 | 1 | 12:40 | 1:15 |
| 9-20 | Taylor Dailey | 4-47 | 1 | 12:12 | 12:40 |
| 9-20 | Jeremy Satterwhite | 4-46 | 1 | 1:00 | 1:30 |
| 9-21 | Scott Ghauber | 3-64 | 1 | 1:30 | 2:00 |
| 9-22 | Scott Ghauber | 3-64 | 1 | 1:05 | 1:42 |
| 9-22 | Charles Villers | 3-32 | 1 | 1:43 | 2:20 |
| 9-23 | Myron Tibbs | 3-66 | 1 | 12:35 | 1:20 |
| 9-25 | Ralph Glass | 1-03 | 1 | 12:15 | 1:15 |
| 9-29 | Charles Wyatt | 4-64 | 1 | 11:48 | 12:00 |
| 1-30 | Charles Villerson | 3-32 | 1 | 12:00 | 10:45 |
| 10-30 | Charles Tillma | 4-05 | 1 | 12:45 | 12:50 |
| 10-3 | Scott Ghauber | 3-64 | | 12:00 | 10:15 |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 6-28-05 | Renaldo Rivas | 3-dorm | 1 | 9:30 | 10:00 |
| 6-28-05 | Titus Scott | 1-dorm | 1 | 10:00 | 10:34 |
| 6-28-05 | (cont'd) | | | | |
| 6-29-05 | Matthew Smith | 3-Dorm | #1 | 3:41 | 4:00 |
| 7-5-05 | Matthew Smith | 3-Dorm | 1 | 3:00 | |
| 7-10-05 | Matthew Smith | 3-Dorm | 1 | 9:00 | |
| 7-11-05 | Bertram Ashcraft | 4-Dorm | #1 | 8:21 | |
| 7/11/05 | Deke | 3-Dorm | #2 | 10:00 | 10:30 |
| 7/13/05 | | 1-Dorm | | | |
| 7-14-05 | Matthew Smith | 3-Dorm | #1 | 9:31 | 1:02 |
| 7/14/05 | Fredric Mount | 4-Dorm | #1 | 1:04 | 1:30 |
| 7/16/05 | | 2-Dorm | #1 | | 10:50 |
| 7/26/05 | | 3-Dorm | | | 1:30 |
| 8/16/05 | | 4-Dorm | #45 | (2:35) | 1:45 |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|---------------|
| 9-11 | A Britton  / 246568 | 4-40 | #1 | 8:30 | 9:00 |
| | | | | | |
| 9-11 | Terrell Louisiana | 4-44 | | | |
| 9-15 | J Perry | 355 | | 8:15 | 8:55 |
| 9-15 | J Perry | 355 | 1 | 12:10 | 13:00 |
| 9-15 | | 288 | | | |
| | L Sw | 04-44 | | 9:55 | 15:00 |
| | L Sw | | | | |
| 9-24 | J Perry | 355 | 1 | 2:44 | |
| 9-26 | A Britton | 446 | #1 | 9:02 | |
| 9-26 | J Perry | 355 | | 7:55 | 8:55 |
| | A Britton | 355 | | 8:06 | 8:50 |
| 9-28 | | | | 9:10 | 9:30 |
| 9-29 | J Perry | 344 | | 8:15 | 9:00 |
| 9-29 | J Perry | 355 | | 7:00 | 5:35 |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|----------------------------|-----|------------|------------|---------------|
| 9-12-06 | Carroll Harris | 9-14 | 1 | 8:50 | |
| 9-22-06 | Michael Evans | | 1 | 8:55 | 9:15 |
| 10/16/06 | | | | | |
| 10/17/06 | | | | | |
| 10/18/06 | | | | | |
| 10/17/06 | | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|------------|---------------|
| | | | | | |
| | | | | | |
| 8-24 | D. Jones   286547 | 2 42 | 1 | 1:10 | |
| | | | | | |
| 8-23 | 5 Perry    246100 | 3-50 | 1 | 9:30 | |
| 8-22 | 5 Perry    246100 | 3-35 | | | |
| 8-16 | S. Sr-ch   265304 | 7-71 | 1 | 12:33 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 5-31-05 | | | | | |
| 6-1-05 | Andre Carter | 4-38 | / | 8:50 | |
| | | | | | |
| 6-4-05 | | 323 | #1 | 10:15 | 12:38 |
| | | | | | |
| 6/11/05 | Matthew Smith | 2-31 | #1 | 12:50 2:40 | 1:50 |
| 6/13/05 | Matthew Smith | 2-28 | #1 | 11:58 a.m. | 2:38 |
| | | 2-32 | #1 | 11:40 | |
| 6-14-05 | Shard Pruitt | 2-52 | #1 | 5:36 | |
| 6-14-05 | Matthew Williams | 3-19 | #1 | 9:26 | 2:45 |
| 7-14-05 | Timothy Gunn | 3-3 | #1 | 12:00 | |
| 6/17/05 | Tariq Jones | 3-10 | #1 | 11:28 | 10:08 |
| 6/17/05 | M. Tibbs | 3 down | #1 | 12:15 | 12:33 |
| 6/21/05 | M. Cole | 2-36 | #1 | 11:52 | 1:41 |
| 6-22-05 | Matthew Smith | 3-45 | #1 | 9:04 | |

# LAW LIBRARY COMPUTER

**Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.**

**If you need assistance check with the staff or with the Computer clerk.**

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|------|---------------------------|-----|-----------|-----------|--------------|
| 5/6/05 | Cedric Crum | 10 | 1 | 8:00 | 10.00 |
| 5/11/05 | Lloyd Fulton | 3-2 | 1 | 9:00 | 9:45 |
| 5/11/05 | Jymar Edister | 2-32 | 2 | 10:53 | 11:16 |
| 5/13/05 | Andre Carter | 4-38 | 1 | 10:53 | 1:00 P.m. |
| 5/13/05 | Edwood Jones | 2-08 | 1 | 9:51 | 10:51 |
| 5-11-11 | Andre Carter | 4-38 | 1 | 11:15 | 11:42 |
| 5-17 | David Bogus | 1-26 | 1 | | |
| 5-17 | Caul Mosley | One-Room | 1 | | |
| 5-18 | David Bogus | 1-26 | 1 | 11:58 | |
| 5-18 | Andre Carter | 4-38 | 1 | 2:57 | |
| 5-18-05 | Matthew Smith | 2-31 | 1 | 1:11 | |
| 5-20-05 | Matthew Smith | 2-31 | 1 | 11:31 | |
| 5-23-05 | Andre Carter | 4-38 | 1 | 9:19 | 4:00 P.m. |
| 5-24-05 | Timothy Andrews | 3-23 | 1 | | |
| 5-26-05 | Andre Carter | 4-38 | | | |
| 5-31-05 | Robert Tolliver | 38 | | 9:15 | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.

If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 4-9-05 | Courtney Hobbs #189217 | 3-32 | | 11:04 | |
| 4-9-05 | Rushawn Brown #229589 | 2-45 Top | 2 | 9:30 | 10:15 |
| 4-9-05 | James d. Winston #220311 | 2-38 L | 2 | 9:30 | |
| 4-13-05 | Carlos Lynn 235454 | 4-6.5 | 2 | 9:00 | 9:45 AM |
| 4-13-05 | Tennell Thomas 237043 | 3-37 | 2 | 9:45 | 10:30 AM |
| 4-13-05 | Rolmer Talbert 136473 | 3-01 | 1 | 9:02 | 9:45 AM |
| 4-13-05 | Colvin Winston | 3-44 | 1 | 9:00 | 9:45 AM |
| 4-13-05 | Ken Price | 4.16 | 1 | 9:45 | 10:00 AM |
| 4-13-05 | Tennell Thomas | 2-58 | 1 | 9:45 | 10:00 AM |
| 4-14-05 | | | 1 | | 12:55 |
| 4-14-05 | | | 1 | | 1:37 |
| 4-15-05 | Matthew Smith | 3-48 | 1 | 12:56 | 1:36 |
| 4-15-05 | | 1-21 | #2 | 9:27 | 1:30 |
| 4-15-05 | Rodney Talbert | 3-01 | 1 | 1.00 | 1:30 |

WEEK OF 4-12-05 TOTAL 14 PEOPLE'S. JPS.

# LAW LIBRARY COMPUTER

**Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages caused due to misuse, abuse or neglect of this computer and its accessories.**

**If you need assistance check with the staff or with the Computer clerk.**

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| 4-18-05 | Matthew Smith 189123 | 1-21 | 1 | 9:10 | 9:43 |
| 4-18-05 | Matthew Smith 188623 | 1-21 | 1 | 11:23 | 11:50 |
| 4-21-05 | Ricky Norris 229399 | 1-04 | 1 | 11:50 | |
| 4-20-05 | Jerual Maby | 2-39 | | 8:43 | 9:30 |
| 4-20-05 | Billy Paton 195020 | 4-39 | 1 | 10:15 | 10:34 |
| 4-21-05 | Peake 189217 | 3-32 | | | |
| 4-22-05 | Barker 283160 | 4-13 | | | |
| 4-30-05 | Chapler 189217 | 3-32 | | | |
| 4-20-05 | C. WEBST 138623 | 3-1 | 1 | 12:00 | 1:00 |
| 4-26-05 | R. Riddle 215747 | 1-48 | | | |
| 4-26-05 | 207701 | 1-61 | | | |
| 4-28-05 | 187123 | 3-48 | | | |
| 4-26-05 | 189217 | 3-72 | | | |
| 4/29/05 | J. Mabry 209965 | 2:39 | #2 | 9:14 am | |
| 9/27/05 | Matthew Smith 188623 | 11149 | | | |
| 7/29/05 | Andonius Booth 238823 | 3-30 | | | |
| 7/29/05 | | 1-57 | | | |

# LAW LIBRARY COMPUTER

Maximum time allowed in one sitting is 45 minutes. You will be responsible for any damages
caused due to misuse, abuse or neglect of this computer and its accessories.
If you need assistance check with the staff or with the Computer clerk.

| DATE | INMATE NAME AND AIS NUMBER | BED | COMPUTER # | TIME BEGAN | TIME COMPLETE |
|---|---|---|---|---|---|
| | Matthew Smith | 1-21 | 2 | 12:13 | 1:03 |
| 4-30-05 | Theodeus Smith.2 | 1-38 | Classification Manual | 1:23 p.m. | |
| | Andre Carter | 8-3-48 | | 1:20 | |
| | C. Hooks | 3-32 | | 1:30 | |
| 5-1-05 | C. Hooks | | | | |
| | C. Hooks | x | | | |
| 5/2/5 | J. Mosby | 3-32 | | | |
| | Andre Carter | 2-39 | 1 | 11.45 | |
| | Jason Barker | 3-48 | | | |
| 5-3-05 | Harry Cooper | 413 | | | |
| 5/4/05 | J. Mosby | 3-2 | 1 | 6:00 | 8:15 |
| 5/4/05 | En. Cole | 2-39 | 1 | 7:45 | 9:25 |
| 5/5/05 | M. Goolsby | 2-36 | 1 | 8:15 | 9:00 |
| 5-5-05 | Matthew Smith | 1-21 | #1 | 9:00 | 9:28 |
| | Andre Carter | 3-48 | | | |
| 5-9-05 | Bobby Taylor | 3-24 | | | |
| 5-13-05 | Andrae Carter | 3-48 | 1 | 9:15 | 9:52 |



EXHIBIT

D

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

CALVIN ALPHONSE LEE,                )
                                    )
                Plaintiff,          )
                                    )
        v.                          )    CIVIL ACTION NO.2:07-CV-82-MHT
                                    )
ALABAMA DEPT. OF CORRECTIONS,       )
et al.,                             )
                                    )
                Defendants.         )
                                    )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared John Cummins II, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is John Cummins II, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

I have no knowledge of a conspiracy between Capt. Horace Burton, Sgt. Vivian Langford and myself, concerning Frank Lee Youth Center's Library. Furthermore, I have no knowledge of receiving funds for materials and supplies that were not in the library. The Alabama Department of Corrections implemented the 'Lexus Nexus' program,

Page 2

which would provide inmates with the required legal materials mandated by the courts. To the best of my knowledge, Sgt. Langford kept the Law Library adequately maintained.

I have no knowledge of inmate Lee being fired on January 4, 2007, as I was assigned to Bullock County Correctional Facility on that date. I do not know of any threats against inmate Lee for requesting legal supplies, nor do I believe that Capt. Burton was negligent in doing his job.

Frank Lee Youth Center has developed a workable plan to become ADA compliant for handicapped inmates. I am not aware of any acts of discrimination committed by Ms. Debra Martin against inmate Lee that would prevent him from being recommended for certain programs and placements.

Disciplinary policies are completely fair, unbiased and due process is strictly adhered to.

The sanitation conditions at Frank Lee Youth Center are adequate. FLYC has 4 dorms, and each dorm has a toilet, sink and mirror. In the middle of these dorms exists a common bathroom with multiple showers, toilets, sinks, urinals, and mirrors. During 'lock down' inmates utilize the individual dorm facilities, and any overflow would utilize the common bathroom. Adequate ventilation exists, and any complaints of leaks, fumes, etc., are investigated by maintenance personnel. To the best of my knowledge, all heaters are properly installed. FLYC is inspected by the fire marshal and is in compliance.

Page 3

Disciplinary action is taken against all inmates who are caught smoking inside the facility. I have heard no other complaints of a 'noisy PA system.'

In conclusion, I believe inmate Lee's complaints to be frivolous and without merit.

_____
John Cummins II

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the _____12th_____ day of March 2007.

_____
NOTARY PUBLIC

My Commission Expires:___2/24/09___.

SEAL

# AFFIDAVIT



Horace Burton Jr.

_____
(Affiant)

**2:07-CV-82-MHT**

_____
(Case #'s)

## STATE OF ALABAMA

## County of Elmore

    I, Captain Horace Burton Jr., have prepared this affidavit in response to civil actions filed by Inmate Calvin Lee #152056. I am the Acting Warden at Frank Lee Youth Center (henceforth FLYC). My response is as follows:

    I have not violated Inmate Lee's Constitutional Rights, nor have I conspired with others to violate his or any other inmate's Rights, nor am I aware of any Rights of the Plaintiff that have been violated. I have not denied Inmate Lee or any inmate access to the courts by maintaining a Law Library that is not in compliance with DOC policy. FLYC provides inmates with access to the courts through the "Lexis Nexis" system. We are told by our Legal staff that this system affords inmates with adequate access to the courts.

    The disciplinary policy here at FLYC is to "throw out" Disciplinaries when it is determined that an inmate's "Due Process" has been violated. I know of no instance where a Disciplinary was allowed to stand when an inmate "Due Process" was violated. I have not shown partiality in rendering punishment to inmates. The punishment guidelines in DOC AR 403 and AR 414 vary, giving discretion for magnitude of offense, as well as, mitigating circumstances.

    While it is true that there is only One (1) toilet/sink in each of FLYC (Four) 4 dormitories, inmates are allowed access to the Common Laboratory Area, consisting of Fourteen (14) toilets, Ten (10) urinals, and Eighteen (18) sinks when needed.

_____
(Signature of Affiant)

P.O. Box 320410
_____
(Address)

DEATSVILLE, AL 36022
_____
(City, State, Zip Code)

Sworn to and subscribed before me this _13th_ day of _March_, 2007.

_____
(Notary Public)

Seal

My Commission Expires _1/9/09_

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Calvin Alphonse Lee #152056      )
                                       )
        Plaintiff,           )
                                       )
        v.                )    CIVIL ACTION NO. 82-MHT-CSC
                                       )
Alabama Dept. of Corrections, et al.,  )
                                     )
        Defendants,       )

*(Amended)* AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county, personally appeared Horace Burton, Jr., who being known by me and first duly sworn, deposes and says on oath as follows:

My name is Horace Burton, Jr., and I am presently employed as a Correctional Captain with the Department of Corrections, Frank Lee Youth Center, Deatsville, Alabama. I am over twenty-one (21) years of age and I have personal knowledge of the facts set forth herein.

1. Defendant Burton has no knowledge of any worn out equipment. To my knowledge all equipment is functioning properly. When equipment malfunctions or breaks, we repair it as soon as possible, most often, immediately. The ventilation at FLYC is appropriate and very adequate. The windows are approximately 3 ½ feet apart throughout the dorm and inmates have access to open and close the windows. I am unaware of any toxic leaks or fumes. All heaters are properly installed according to maintenance. About one (1) year ago FLYC replaced two heaters that were leaking. If equipment is malfunctioning we fix it.

2. There is no sprinkler systems in the dorms. However, fire extinguishers are located directly outside the dorms and throughout the institution. Fire equipment is inspected monthly and each shift conducts fire drills monthly. Also evaluation plans are appropriately posted throughout the institution.

3. The PA system is used to notify inmates of meal time, pill call, yard call, inspections and to locate inmates for various reasons. The volume is set to be adequate enough for inmates to hear. Unnecessary transmissions over the PA system are discouraged.

4.  FLYC has a no smoking policy inside the building that is strictly
    *enforced.* While we can not stop inmates from violating it by smoking
    in the dorm, we certainly discourage smoking evidenced by the
    number of inmates that received disciplinary action for smoking in the
    building.

Horace Burton, Jr.

STATE OF ALABAMA)
ELMORE COUNTY   )

SWORN AND SUBSCRIBED BEFORE ME AND GIVEN UNDER BY HAND AND
OFFICIAL SEAL THIS, THE   *16th*   DAY OF   *March*  , 2007.

Notary Public

*My Commission Expires : 11/09/09*



EXHIBIT

G

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

Calvin Alphonse Lee #152056 )
)
    Plaintiff, )
)
    v. )    CIVIL ACTION NO. 82-MHT-CSC
)
Alabama Dept. of Corrections, et al., )
)
    Defendants, )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county, personally appeared Debra Kay Martin, who being known by me and first duly sworn, deposes and says on oath as follows:

My name is Debra Kay Martin and I am presently employed as a Classification Specialist with the Department of Corrections, Frank Lee Youth Center, Deatsville, Alabama. I am over twenty-one (21) years of age and I have personal knowledge of the facts set forth herein.

1. Defendant Martin has no control over criteria utilized to determine program eligibility. These criteria are set forth in the Department of Corrections Classification Manual.
2. Defendant Martin classifies all inmates assigned to Frank Lee Youth Center in accordance with the Department of Corrections Classification Manual.
3. Defendant Martin has no knowledge of any discriminatory practices against Calvin Lee.

_____
Debra Kay Martin

STATE OF ALABAMA)
ELMORE COUNTY   )

SWORN AND SUBSCRIBED BEFORE ME AND GIVEN UNDER BY HAND AND OFFICIAL SEAL THIS, THE __7th__ DAY OF __March__, 2007.

_____
Notary Public
expires 1/9/09