**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CALVIN ALPHONSE LEE** (152056), | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | **2:07-cv-82-MHT** |
| | * | |
| **ALABAMA DEPARTMENT** | * | |
| **OF CORRECTIONS, et al**, | * | |
| | * | |
| Defendants. | * | |

## SUPPLEMENTAL[1] ANSWER and SPECIAL REPORT

Comes now the Defendants, **Department of Corrections, John Cummins, Warden Horace Burton, Debra Martin, and Vivian Langford**, through the Attorney General for the State of Alabama, by and through its assistant attorney general, *Bettie J. Carmack*, and in accordance with this Honorable Court's Order of February 14, 2007, do hereby submit the following Special Report.

## PARTIES

A.    **CALVIN ALPHONSE LEE** (Plaintiff) – an Alabama Department of Corrections (ADOC) inmate currently imprisoned at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022. (Exhibit A)

B.    **JOHN CUMMINS** (Defendant) – an ADOC employee, currently employed as a Warden III at Bullock County Correctional Facility located at P. O. Box 5107 Union Springs, AL  36089.

---

[1]  Any amendments to the answer and special report are in bold and appear in the due process and racial discrimination sections of the special report.

C.    **HORACE BURTON, JR.** (Defendant) - an ADOC employee, currently Acting Warden at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022.

D.    **DEBRA MARTIN** (Defendant) – an ADOC employee, presently employed as a Classification Specialist at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022.

E.    **VIVIAN LANGFORD** (Defendant) – an ADOC employee, presently employed as an Administrative Sergeant at Frank Lee Youth Center, located at P. O. Box 220410 Deatsville, AL  36022.

## DEFENDANT'S EXHIBITS[2]

In accordance with this Court's Order, the Defendants submit the following exhibits:

1.    Exhibit A –    Inmate Status Document from the Alabama Department of Corrections.

2.    Exhibit B –    Vivian Langford Affidavit

3.    Exhibit C –    Vivian Langford Amended Affidavit (attached library logs)

4.    Exhibit D-    John Cummins Affidavit

5.    Exhibit E -    Captain Horace Burton, Jr. Affidavit

6.    Exhibit F-    Captain Horace Burton, Jr. Amended Affidavit

7.    Exhibit G-    Debra Kay Martin Affidavit

---

[2] Exhibits A-G were filed with the Answer and Special Report (Doc. 13).

8.    **Exhibit H-   Captain Horace Burton, Jr. Affidavit with**

**attachments**

## PLAINTIFF'S ALLEGATIONS

Inmate Lee raises a number of allegations regarding the prison law library.

The allegations related to the law library are summarized as follows:

- Sergeant Langford failed to adequately maintain the law library. (Amended complaint, pg. 1)

- Sergeant Langford and her supervisors, Warden Cummings and Captain Burton, conspired to lie about the library being in compliance. (Amended complaint, pg. 1)  Sergeant Langford, Warden Cummins, and Captain Burton unlawfully received funds for materials and supplies that were not in the library. (Amended complaint, pgs. 1-2)

- Sergeant Langford fired Inmate Lee on January 4, 2007 from a law clerk position. (Complaint, pg. 2)

- Inmate Lee did not have the proper materials to prepare a post-conviction petition. (Amended complaint, pg. 2)

- Inmate Lee was allegedly threatened because he kept requesting library materials. (Amended complaint, pg. 2)

- Inmate Lee was allegedly threatened for being with Inmate Jimmie Reeder and requesting library supplies. (Amended complaint, pg. 2)

- Inmate Lee was singled out and threatened with verbal remarks. (Complaint, pg. 4)

- Captain Burton allegedly ignored the library violations. (Amended complaint, pg. 2)  Captain Burton was negligent in doing his job. (Amended complaint, pg. 2)

Inmate Lee raised two vague allegations regarding the prison classification system and the prison's disciplinary policies.  Inmate Lee alleged that he was discriminated against by the prison classification specialist because of his race and Inmate Lee alleged that the prison disciplinary policies violate his due process rights. (Amended Complaint pg. 5; Complaint pgs. 3, 5)

Inmate Lee raised the following claims regarding the condition of the prison:

- The equipment in the prison is "worn." (Amended complaint, pg. 4)

- The prison is overcrowded.  There is only 1 bathroom for 72 inmates. (Amended complaint, pg. 4)

- The ventilation in the prison is inadequate.  The heaters are installed improperly and leaking toxic fumes.  Inmate Lee claims that he is being exposed to second hand smoke and a noisy "PA" system.  Inmate Lee contends that the prison lacks proper fire safety equipment because the prison does not have sprinklers.

- Inmate Lee contends that the prison is not accessible to handicapped inmates. (Lee's affidavit, pg. 1)

- The staff at the prison are allegedly abusive and unprofessional. (Amended complaint, pg. 4)

**ANSWER**

In answer to Inmate Lee's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign, qualified immunity, and absolute immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

**ARGUMENTS IN SUPPORT OF DISMISSING THE PLAINTIFF'S COMPLAINT**

A.    *Law Library (access to the courts)*

Inmate Lee raises a number of claims related to the law library.  Inmate Lee has attempted to claim that he has been denied access to the courts by an improperly equipped law library.  Inmate Lee has also asserted that he has been denied access to the law library because threats have been made against him and he was fired from the law library.  Inmate Lee's contentions are without merit.

The United States Supreme Court has stated that prison authorities are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  <u>McConico, Jr. v. Martin</u>, 716 So. 2d 222, 223 (Ala.

Civ. App. 1998) *quoting* <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).  To have

"standing to seek relief under this constitutional right to access to the courts, a

plaintiff must show 'actual injury.'" *See id. citing* <u>Jackson v. State Bd. Of Pardons</u>

<u>and Paroles</u>, 331 F. 3d 790, 797 (11th Cir. 2003).  To show 'actual injury', "a

plaintiff must provide evidence of such deterrence, such as a denial or dismissal of

a direct appeal, habeas petition, or civil rights case, that [was non-frivolous], that

result[ed] from [the] actions of prison officials.'" <u>Miller v. Donald</u>, No. 04-13695,

2005 WL 1182618, at *2 (11th Cir. May 19, 2005) *quoting* <u>Wilson v. Blankenship</u>,

163 F. 3d 1284, 1290 (11th Cir. 1998).  In this case, the Inmate Lee has not shown

that he has been denied access to the library (access to the courts) or that he was

injured by the alleged denial of access to the courts.

Inmate Lee arrived at Frank Lee Youth Center on June 14, 2006. (*See*

exhibit **C**).  Inmate Lee was initially assigned to work as a bathroom cleaner. *See*

*id*.  Inmate Lee, however, requested to use "Lexis-Nexis" so much, that he was

placed as a worker in the law library on July 27, 2006. *See id*., pg. 2.  While

Inmate Lee worked in the law library he used the computer constantly.  Inmate

Lee was fired for his constant use of the computer on January 4, 2007. *See id*.

Inmate Lee used Lexis-Nexis on the following dates, for a period of 45 minutes or more:

June 15, 18, 20, 22, and 27, 2006.
July 5 and 20, 2006.
August 8, 2006.
October 6, 2006
December 12, 2006.
January 11 and 29, 2007.

Inmate Lee had access to the law library before he started working in the library, during the time he worked in the law library, and after he was fired from the library. (*See* exhibit **C** and attachments)  The records indicate that Inmate Lee has not been denied access to the law library and, therefore, his claim that he has been denied access to the courts is without merit.

Furthermore, even if Inmate Lee was allegedly denied access to the courts, he has failed to show what injury he suffered as a result of the deprivation. To have "standing to seek relief under this constitutional right to access to the courts, a plaintiff must show 'actual injury.'" *See* <u>McConico, Jr. v. Martin</u>, 716 So. 2d 222, 223 (Ala. Civ. App. 1998) *citing* <u>Jackson v. State Bd. Of Pardons and Paroles</u>, 331 F. 3d 790, 797 (11th Cir. 2003). Inmate Lee claims that he did not have proper materials to file a post-conviction petition. (Amended complaint, pg. 2) Inmate Lee did not, however, produce a copy of an order stating that a post-conviction petition was due or denied. In addition, Inmate Lee filed the current complaint on February 13, 2007, which contradicts the fact that Inmate Lee is unable to file documents in court. Because Inmate Lee had access to the law library, had access to Lexis-Nexis, and failed to produce evidence that he was injured by the alleged denial of his access to the court, Inmate Lee's "access to the courts" claim is due to be dismissed.

B.    *Racial Discrimination Claim*

Inmate Lee makes a vague claim that Debra Martin discriminated against him when she prevented him from being recommended to certain programs and placements. Inmate Lee does not state what programs or placements he was not recommended for or why Debra Martin did not recommend him for these programs and placements. Inmate Lee's claim is vague and conclusory. Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d 553, 557 (11th Cir. 1984); Sanders v. Miller, 837 F. Supp 1106, 1109 (N.D. Ala. 1992) *citing id.*.

**Furthermore, it would seem that Inmate Lee is attempting to raise an equal protection claim. "In order to establish an equal protection claim, [Inmate Lee] must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest . . ." Boxer X v. Donald, No. 05-14904, 2006 WL 463243, at *4 (11th Cir. 2006). In this case, Inmate Lee has not shown that similarly situated inmates of other races were placed in certain programs and he was not. Because Inmate Lee has not proven one of the basic elements of an equal protection claim, this claim is due to be dismissed. *See* Jones v. Ray, 279 F. 3d 944, 947 (11th Cir. 2001)**

("Jones did not set forth any facts in support of his allegations.  Even a liberal

interpretation of this *pro se* pleading does not reveal any factual basis for an

equal protection claim.  Thus, we affirm the grant of summary judgment in

favor of the defendants.").

Moreover, Debra Martin specifically stated by affidavit the following:

1.     [I] ha[ve] no control over [the] criteria utilized to determine
       program eligibility.  These criteria are set forth in the
       Department of Corrections Classification Manual.

2.     [I] classif[y] all inmates assigned to Frank Lee Youth Center in
       accordance with the Department of Corrections Classification
       Manual.

3.     [I] ha[ve] no knowledge of any discriminatory practices against
       Calvin Lee.

(Exhibit G)  Because Inmate Lee's racial discrimination claim is vague and

conclusory, does not evidence a violation of Inmate Lee's equal protection

rights, and is false (as stated by Debra Martin), the claim is due to be

dismissed.

C.    *Due Process Claim*

Inmate Lee contends that the disciplinary policies are "impartial and bias." According to Inmate Lee, the policies do not apply equally to all inmates. Inmate Lee does not state the specific policy he challenges or the policy's direct affect on him. Inmate Lee's claim is vague and conclusory. Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d at 557; Sanders v. Miller, 837 F. Supp 1106, 1109 (N.D. Ala. 1992) *citing id.*.

**Furthermore, Inmate Lee came to the Frank Lee Youth Center on June 14, 2006. (Exhibit H)  During his stay at Frank Lee Youth Center, Inmate Lee has not been the subject of any disciplinary proceedings or received any citations. *See id*.  Inmate Lee's due process claim is, therefore, without merit.  If Inmate Lee had been the subject of disciplinary proceedings or had a citation, the officials at Frank Lee Youth Center would have followed the procedures outlined in Administrative Regulations 403 and 414 and afforded Inmate Lee his due process. ( *See id*.- attachments)  If the due process procedures had not been afforded to Inmate Lee, any disciplinary he had received would have been "disapproved." (Exhibit H, pg. 2)**

D.    *Prison Conditions Claim*

"The Eighth Amendment . . . prohibits conditions of confinement that involve the wanton and unnecessary infliction of pain . . . The Amendment[, however,] only prohibits those conditions that deny the 'minimal civilized measure of life's necessities.'" Patterson v. Campbell, No. 305CV443-S, 2006 WL 517607, at *3 (W.D. Ky. Feb. 28, 2006) *quoting* Rhodes v. Chapman, 452 U.S. 337, 347-348 (1981).  Conditions that may evidence the denial of minimal life's necessities include: deprivations of essential food, medical care, or sanitation and an increase in violence.  *See* Rhodes v. Chapman, 452 U.S. at 347-348. Conditions, however, that are just "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses to society." *See id*., at 347. Inmate Lee has made several meritless allegations regarding the conditions at Frank Lee Youth Center.

1.    **The equipment in the prison is "worn."**

Inmate Lee made a broad statement that the equipment at Frank Lee Youth Center is worn.  Inmate Lee did not state what equipment was worn and what impact the allegedly worn equipment had on him.  Inmate Lee's allegation is vague and conclusory.  Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed."  Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d at 557; Sanders v. Miller, 837 F. Supp at 1109 *citing id*..

**2.    The prison is overcrowded; there is allegedly only 1 bathroom for 72 inmates.**

Inmate Lee has asserted that there are not enough bathrooms for the inmates in the allegedly overcrowded facility.  Inmate Lee's contention is without merit.  According to Warden Cummins, Frank Lee Youth Center has 4 dorms and each dorm has a toilet, sink, and mirror.   (*See* exhibit **D**)  In addition, in "the middle of [all of the] dorms exists a common bathroom with multiple showers, toilets, sinks, urinals and mirrors." *Id.*  In fact, the common bathroom has 14 toilets, 10 urinals, and 18 sinks. (*See* exhibit **E**)  The bathroom facilities are more than adequate for the inmates at Frank Lee Youth Center.

**3.    The ventilation in the prison is inadequate; the heaters are installed improperly and leaking toxic fumes.**

Inmate Lee has asserted that toxic fumes are leaking into the prison. Inmate Lee's contention is without merit.    There have been no current complaints about toxic fumes from leaking heaters and all the heaters are properly installed. *See id.*; *see also* exhibit **D**.  According to Captain Burton, any malfunctioning equipment is repaired immediately. *See* exhibit **F**.

**4.    Inmate Lee claims that he is being exposed to a noisy "PA" system.**

Inmate Lee contends that he is going deaf from the loud PA system.  The PA system is used "to notify inmates of meal time, pill call, yard call, inspections and to locate inmates for various reasons." (Exhibit **F**)  A loud PA system may be harsh, but it is one of the penalties Inmate Lee has to pay for any criminal offense he has committed against society.  *See* <u>Rhodes v. Chapman</u>, 452 U.S. at 347-348

**5.    Inmate Lee contends that the prison lacks proper fire safety equipment because the prison does not have sprinklers.**

Inmate Lee contends that the prison is not fire safety compliant because it lacks a sprinkler system.  Although the prison lacks sprinklers, it contains fire extinguishers, conducts monthly fire drills, and has evacuation procedures posted throughout the prison.  *See* exhibit **F**.  Furthermore, Frank Lee Youth Center has been inspected by the fire marshal and passed inspection.  *See* exhibit **D**.

14

6.    **Inmate Lee contends that the prison is not accessible to handicapped inmates.**

In an attachment to his complaint, Inmate Lee has made a vague and conclusory allegation that the prison facility is not accessible.  Inmate Lee does not allege that he is handicapped or how handicapped inaccessibility as harmed him. Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed." Forehand v. Roberts, et al, 1992 WL 554241, at *1 *citing* Fullman v. Graddick, 739 F. 2d at 557; Sanders v. Miller, 837 F. Supp at 1109 *citing id.*.

7.    **The staff at the prison are allegedly abusive and unprofessional.**

Inmate Lee has made a vague and conclusory allegation that the prison staff are allegedly abusive and unprofessional.  Inmate Lee has not given specific instances of abuse or unprofessional conduct.    Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed."  Forehand v. Roberts, et al, 1992 WL 554241, at *1 (M.D. Ala. 1992) *citing* Fullman v. Graddick, 739 F. 2d 553, 557 (11th Cir. 1984); Sanders v. Miller, 837 F. Supp at 1109 *citing id.*.

9.    **Inmate Lee claims that he is being exposed to second hand smoke**.

Inmate Lee asserts that he has been exposed to second hand smoke.  This allegation is vague and conclusory.  Various Alabama courts have held that "[v]ague and conclusory allegations of civil rights violations . . . are not sufficient and must, for that reason, be dismissed."  Forehand v. Roberts, et al, 1992 WL 554241, at *1 (M.D. Ala. 1992) *citing* Fullman v. Graddick, 739 F. 2d 553, 557 (11th Cir. 1984); Sanders v. Miller, 837 F. Supp at 1109 *citing id.*.

Furthermore, Frank Lee Youth Center inmates are prohibited from smoking in the building.  Any inmate caught smoking in the building is subject to disciplinary action.  *See* exhibits **D** and **F**.

## CONCLUSION

Inmate Lee has failed to show that the conditions at Frank Lee Youth Center have resulted in his being denied minimal life necessities and, as a result, Inmate Lee's complaint is due to be dismissed.  *See* Patterson v. Campbell, No. Civ. A. 305CV443-S, 2006 WL 517607, at *3 (W. D. Ky. Feb. 28, 2006)("Although Plaintiff describes uncomfortable, arguably harsh conditions . . . none of the allegations fall within the ambit of conduct or conditions that run afoul of the Eighth Amendment.  The complaint contains no allegations that Plaintiff was deprived of the minimal measure of life's necessities.  The complaint thus fails to assert . . . conditions . . . of [a] constitutional magnitude.")

### INMATE LEE'S COMPLAINT IS DUE TO BE DISMISSED BECAUSE THE DEFENDANTS ARE IMMUNE FROM LIABILITY.

Inmate Lee's claims are due to be dismissed because the Defendants are immune from liability.  As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit.  Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937).  Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against the State.  In addition, there has been no consent or waiver of immunity in this case.  Thus, the Defendants are absolutely immune from liability.  *See* Alabama v. Pugh, 438 U.S. at 782 ("There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment.").

Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998).  Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established

constitutional or statutory rights, the Defendants are protected by qualified immunity. <u>Wilson v. Blankenship</u>, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* <u>Pinkney v. Davis</u>, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

Inmate Lee has made no direct claim against John Cummins or Captain Burton. Inmate Lee appears to have named John Cummins and Captain Burton as defendants because they supervise Sergeant Langford. There is, however, no respondeat superior liability in § 1983 cases. *See* <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992). Therefore, John Cummins and Captain Burton are due to be dismissed from the lawsuit.

Respectfully Submitted,

Troy King (KIN047)
Attorney General

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Division*
11 South Union Street
Montgomery, AL  36130
Phone: 334-353-5305
Fax: 334-242-2433
Email: bcarmack@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 2nd day of April, 2007, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Calvin A. Lee
AIS #152056-A31
P. O. Box 220410
Deatsville, AL  36022**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CALVIN ALPHONSE LEE S, # 152056 )
                                     )
      PLAINTIFF,            )
                                       )
        vs.                 )      CIVIL ACTION NO.82-MHT-CSC
                               )
STATE OF ALABAMA DEPT. OF
CORRECTIONS, et al.,            )
                                       )
      DEFENDANTS.           )

A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of

Alabama at large, personally appeared Horace Burton, Jr., who being known by me and first duly

sworn, deposes and says on oath as follows:

My name is Horace Burton, Jr. and I am presently employed as a Correctional Captain

with the Alabama Department of Corrections, at Frank Lee Youth Center, Deatsville, Alabama. I

am over twenty-one (21) years of age. By my signature below, I certify that the statements

therein are true to the best of my knowledge.

The Disciplinary Policy here at Frank Lee Youth Center is governed by the policies

depicted in ADOC Administrative Regulations #403 (Disciplinary Procedures) and #414

(Behavior Citation Procedures). These Administrative Regulations are available to all FLYC

inmates. Copies of each are maintained in the Library. Inmate Calvin Lee came to FLYC on

June 14, 2006. He has not received a Disciplinary, nor has he received a Citation since he has

been at FLYC. I do not know of any procedure followed at FLYC that violates inmate due process rights. In the rare instances when inmates' due process rights are violated during the Disciplinary Process, the Disciplinary is disapproved. Punished accessed to a particular violation has nothing to do with due process. Punishment accessed may, and often does, vary based on circumstances, seriousness, amount of damage, number of violations, etc. The guidelines that we use for accessing punishment are depicted in Administrative Regulations #403 and #414. Accompanying is a copy of A. R. 403 and 414.

This, I do hereby certify and affirm to on the 27th day of March, 2007.

Horace Burton, Jr.
Frank Lee Youth Center

STATE OF ALABAMA)
ELMORE COUNTY    )

Sworn to and subscribed before me and given under my hand and official seal this the 27th day of March _____ 2007.

Notary Public

4-4-10
My Commission Expires



*State of Alabama*
*Alabama Department of Corrections*



**BOB RILEY**
GOVERNOR

Research and Planning
P. O. Box 301501
Montgomery, AL 36130-1501

**Donal Campbell**
COMMISSIONER

January 30, 2003

ADMINISTRATIVE REGULATION
NUMBER                    403

OPR: INSTITUTIONS

## DISCIPLINARY HEARING PROCEDURES FOR MAJOR RULE VIOLATIONS

I    **GENERAL**

    A.    This regulation establishes policies/procedures governing the conduct and disposition of Disciplinary Hearings for inmates in the custody/control of the Alabama Department of Corrections (ALDOC). The Commissioner, his designee(s), Wardens and other ALDOC employees whose duties involve the Hearing or processing of disciplinary proceedings are responsible for following the provisions of this regulation. All procedures require final action by the Institutional Head or his/her designee. The Institutional Head will identify said designee in writing.

    B.    A Hearing Officer will hear evidence in cases of major violations of departmental administrative regulations, and institutional rules and regulations, for which punishments or sanctions may be imposed.

    C.    Sanctions or punishments may include, segregation, forfeiture of earned good time, custody review, and loss of privileges.

    D.    When an inmate with a serious mental illness receives a disciplinary report, the inmate's mental status will be considered in determining the inmate's competency to participate in the hearing process. When an inmate is found incompetent, the disciplinary hearing process will be delayed until the inmate's competence has been restored. The inmate's mental status will be considered in the disposition when as inmate with a mental illness is found guilty of a rule violation. The institutional psychologist will assess the inmate's competency and culpability, and provide relevant information to the disciplinary hearing officer.

    E.    Inmates will not be punished for symptoms of a serious mental illness. This is not to say that a mental health inmate should never receive a disciplinary. The intent of the mental status evaluation is to determine if the misconduct is symptomatic of the presence of a

serious mental illness. If such is the case, disciplinary action is deemed counterproductive and should not be completed.

## II    DUE PROCESS REQUIREMENTS

Any inmate charged with a violation of departmental administrative regulations, institutional rules and regulations must be given a due process hearing if the violation can result in the loss of earned good time and/or confinement to segregation. An inmate can be placed in disciplinary segregation for up to 45 days and upon reclassification from work release for up to 30 days.

Due Process requirements are:

A.    The inmate must be given written notice of the charges at least 24 hours prior to the Hearing.

B.    The inmate must be permitted to attend the hearing and testify or present documentary evidence, unless he refuses to attend or is disruptive.

C.    The inmate must be permitted to call a reasonable number of reasonably available witnesses to the hearing, normally no more than three (3) witnesses.

D.    The inmate must be permitted to prepare and submit to the Hearing Officer, prior to the hearing, pertinent written questions to be asked of witnesses at the hearing, or to ask another inmate to assist him in preparing these questions if he is incapable of doing so.

E.    The inmate must be informed of the decision of the Hearing Officer, and must be given a copy of the signed and approved Disciplinary Report which lists the findings of fact, the basis for the findings of fact, the decision of the Hearing Officer, and the punishment or sanction imposed.

F.    If the inmate has been identified as a mental health inmate, an evaluation of the inmate's competency to understand the disciplinary process must be conducted by the institutional psychologist.

## III    PROCEDURE BEFORE HEARING

A.    Arrest or Charge of Inmate

The arrest or charge of an inmate for a rule violation may be made by any employee or contract medical employee of the ALDOC. The person making the arrest or charge is designated as the Arresting Officer. The Arresting Officer will appear as a witness at the Disciplinary Hearing. For the purpose of this regulation, an arrest is defined as the taking of an inmate into custody or making a charge by the authority of this regulation, federal law, Alabama law, or municipal law for the purpose of charging him/her with an offense or violation of a departmental administrative regulation or institutional rules and regulations or

AR 403 January 30, 2003

charges. The arrest should be made within ten (10) calendar days after the violation is reported, discovered, or within ten (10) calendar days after an investigation has been completed, or within ten (10) calendar days after an escapee (in an escape charge) is back in custody of the ALDOC.

B.    Appointment of Hearing Officer

Wardens will appoint a ALDOC employee to serve as Hearing Officer of any charge(s) brought against an inmate pursuant to AR 403. Wardens, personnel who have formed an opinion of the innocence or guilt of the charged inmate, Arresting Officer, and witnesses may not serve as Hearing Officer.

C.    Investigation of Charges

The Wardens may, if he/she deems it necessary or advisable, order an investigation of the charges at the institutional level and a report to him/her or request an investigation by the Investigations and Intelligence (I & I) Division.

D.    Preparation of Charges

ALDOC Form 225B, Disciplinary Report (Annex C) items 1-4 must be completed when the inmate is charged. If the inmate's actions in one incident violates various major or minor rules, then the Arresting Officer may use his/her discretion in which charges to bring. All offenses growing out of the same incident may be charged at the same time, using separate 225B forms for each charge. The charge(s) should be filed and served within ten (10) calendar days after the inmate is arrested or charged. If the charge is escape, the writer of the incident report will complete an incident report which will be notarized (See AR 302). It will include therein additional information such as contacts for evidence and testimony including law enforcement officers, free world witnesses, and ALDOC personnel.

E.    Serving the Inmate with the Charge

The Form 225B completed through item five must be served by the Serving Officer on the inmate at least 24 hours before the schedule hearing. The Serving Officer will read the charges to the inmate. If the inmate refuses to sign for receipt of charges, then the Serving Officer will so indicate by "Refused to Sign" and sign Serving Officer's signature. The Serving Officer at this time will inform the accused inmate that he/she should prepare his/her testimony, in the form of a written statement, to be read by the inmate to the Hearing Officer during the hearing. After the inmate has been served a copy of 225B, a suspense copy will be placed in the inmate's institutional file.

F.    Obtain Name of Witnesses Inmate wants at Hearing

At the time of service of charges on an inmate, the Serving Officer will advise the inmate of his/her right to call witnesses whose testimony will be relevant and whose presence will not present a security threat. The Serving Officer will obtain those names at this time and will not refuse to list any witnesses desired by the inmate. The Hearing Officer will determine if the

witnesses' testimony could possibly be relevant and/or if bringing certain witness (es) would present a security threat. Normally no more than three (3) witnesses with relevant testimony are called. The Hearing Officer will be responsible for having the inmates and employees called as witnesses present at the hearing. Any free world witness the inmate wishes to testify, and whose testimony would be relevant, must be written or called by the inmate, and permission must be given to the inmate to write or call. Form 225B, Items 6 and 7, are to be completed by the Serving Officer when serving the inmate. If an inmate requests more than three witnesses, including free world witnesses, the Hearing Officer, prior to the hearing, may require the inmate to submit a summary of the witnesses' expected testimony. The Hearing Officer may refuse to allow any witness whose testimony is not relevant to testify.

G.    Provide Data on Inmate to Hearing Officer

At institutions where computer input, printer capability, and personnel are available, on the working day prior to the Disciplinary Hearing, a copy of the inmate's record display, CDINC may be produced and provided to the Hearing Officer along with the inmate's good time earning status and good time earned.

## IV    PROCEDURES DURING HEARING

The Hearing should be held within ten (10) working days after the inmate has been served with the charge(s), but cannot be held in less than 24 hours. If there is a need to postpone or reschedule the hearing, Form 225D, Notice of Postponement of Disciplinary Hearing (Annex D) should be completed advising the inmate of the rescheduled date and reason for delay. The Hearing Officer at the time the hearing is to begin will follow these procedures:

A.    Have the inmate present in the hearing room and identify him/her as the inmate charged. The inmate must be present in the hearing room unless he/she refuses to attend the hearing or is disruptive. You may proceed without him/her only for these two (2) reasons. If he/she is not present, explain in detail on an additional page and attach to the disciplinary report.

B.    Read the charges to the inmate and determine if he/she understands the charges.

C.    Determine if the inmate is capable of acting in his/her own defense. If the inmate has been identified as a "mental health" inmate, review the disciplinary report to ascertain if an assessment of the inmate's mental status has been performed by the institutional psychologist. If an assessment has been done, and the inmate has been deemed capable of understanding the disciplinary process, then determine if the inmate is capable of acting in his/her own defense. If the inmate is not capable of acting in his/her own defense, then appoint an on-duty ALDOC employee to assist the inmate. If the inmate is provided assistance, the hearing may be delayed up to five (5) working days if requested. Neither inmates nor free world counsel may represent an inmate in a disciplinary hearing. Complete item 10 on Form 225B.

AR 403 January 30, 2003

D.    Ask the inmate how he/she pleads and record on Form 225B. If inmate pleads guilty, then go forward to procedural Step L.

E.    Swear the inmate and all witnesses under oath to testify truthfully.

F.    Hear the evidence brought by the Arresting Officer and all witnesses present at the hearing. Affidavits and written statements should not be used in lieu of testimony, except in extreme circumstances, which must be documented on additional page(s) and attached to the disciplinary report.

G.    Allow the inmate to read his/her prepared written statement to the Hearing Officer and allow the inmate to add his/her oral testimony if the inmate desires.

H.    Ask the questions, if relevant, prepared by the inmate, to the respective witness (es) and write the answers.

I.    Explain to the inmate why any witness (es) he/she has requested were not called and complete item 16 on Form 225B.

J.    Dismiss everyone from the hearing room, consider the evidence and make a finding of fact and finding of not guilty or guilty and determine the punishment or sanctions imposed. The Hearing Officer may determine that the violation charged has not been proven but that a lesser included similar offense has been proven. A lesser included violation is defined as being a violation in which some but not all of the elements of proof of the originally charged violations are present. With good justification the Hearing Officer has authority to find the inmate guilty of a lesser included offense, in which case, provisions of AR 414 may apply in order to complete disposition of appropriate disciplinary action.

K.    Call the inmate into the hearing room and inform him/her of the decisions reached.

L.    If the inmate has pled guilty, then omit procedures E through K, swear in the inmate only, require the inmate to explain the details of his/her violation to you, have the inmate sign the guilty plea, and then, make a finding of fact, and a finding of guilt or innocence. If the inmate's plea of guilty is accepted then inform him/her of the punishment or sanctions imposed. If the inmate refuses to sign the guilty plea this will be considered a "Not Guilty" plea and proceed with the hearing.

## V    PROCEDURES AFTER HEARING

The Hearing Officer, after the hearing will follow these procedures:

A.    Have a condensed version of all pertinent testimony typed on Form 225B using additional pages if necessary.

B.    Complete all spaces on Form 225B or put [N/A] (Not Applicable) in those appropriate spaces.

C.  Complete, in the appropriate space, specifically the findings of fact made by the Hearing Officer.

D.  Complete, in the appropriate space, specifically the basis for the findings of fact.

E.  Obtain all necessary signatures on the Disciplinary Report Form 225B.

F.  The Warden or his/her designee will approve or disapprove the findings and/or recommendations within ten (10) working days after hearing. The Warden may not disapprove a finding of "not guilty". If the Warden disapproves of the recommended punishment, he/she may order the punishment to be reduced.

G.  A completed signed copy of the disciplinary report will be served on the inmate as soon as possible without undue delay after the Warden's determination, and all approved punishments will begin at this time or at the time the inmate is placed in the segregation cell to begin serving disciplinary segregation. If the Warden determines that a security threat will exist by a delay in the imposition of punishment, he/she may order such punishment to begin at any time after the hearing is conducted.

H.  If the Warden approves the recommendation of the Hearing Officer, or a lesser punishment, he/she will:

1.  At units with computer terminal input capability: Coordinate with and forward or issue his/her comments and supporting documents to the institutional Social Service Coordinator. The Coordinator will insure the terminal operator takes the required action to effect the loss of good time in accordance with the Computer Terminal Operator's Manual, and implement classification procedures or other considerations. Institutional Social Services will forward/issue the completed and signed disciplinary report to the following:

    a.  One copy to the Board of Pardons and Parole.

    b.  One copy to the Director of Investigations and Intelligence in all cases where there has been a violation of Federal or State law.

    c.  Original to the Director of Central Records, stamped as "Entered" at the terminal, initialed by the operator, and dated on the date of entry.

    d.  One copy retained in the inmate's institutional file.

2.  At units without computer terminal capability: Submit his/her comments and supporting documents to the Director of Central Records for any further action needed to effect the loss of good time or other consideration. The Director of Central Records will accept the action of the Warden for less severe punishment as final. Additionally, units without computer terminal capability, will furnish one copy to the Board of Pardons and Paroles, and one copy to the Director of Investigations and Intelligence in all cases where there has been a violation of federal or state law. The

original will be retained in the inmate's Central Record file. The Warden will notify the inmate in writing of his/her approval or recommended disapproval, and one copy of the Warden's action will be forwarded to Social Services for classification purposes and the same copy retained in the inmate's institutional file.

## VI    MISCELLANEOUS PROVISIONS

A.    Arrest and Hearing Based on Information From Confidential Sources

If the arrest of an inmate is made upon information received from confidential source(s), the following procedures should be followed:

1.    The identity of a confidential source(s) of information will remain confidential. Precautions must be taken to insure the reliability of any information received from a confidential source(s).

2.    The facts obtained from confidential source(s) will be presented verbally at the hearing by the person receiving the information from the confidential source.

3.    No decision in a disciplinary proceeding may be based upon information from an undisclosed informant unless there is corroborating information or evidence or unless the reliability of the source satisfies the Hearing Officer that the information is true. The basis for accepting the source as reliable should be indicated in item 18 on Form 225B.

B.    Excusing Witnesses Called by Inmate

As the names of witnesses desired by the accused have been obtained during the notification and serving process, they (witnesses) are required to appear, unless excluded for specific reasons by the Hearing Officer. Reasons for not calling a witness may include, but are not limited to: inmate witness declining to appear voluntarily; the witness being repetitive in that such witness is expected to provide the same information as other witnesses; the witness not having personal knowledge of the circumstances of the incident; endangering the security of the institution; or an existing possibility of retribution which could harm an individual. The reason (s) for not calling any witness requested by an inmate will be explained to the inmate and item 16 on the Form 225B must be completed.

C.    Determine if the Inmate is capable of acting in his/her own defense. If the inmate has been identified as a "mental health" inmate, review the disciplinary report to ascertain if an assessment of the inmate's mental status has been performed by the institutional psychologist. If an assessment has been done, and the inmate has been deemed capable of understanding the disciplinary process, then determine if the inmate is capable of acting in his/her own defense. If the inmate is not capable of acting in his/her own defense, then appoint an on-duty ALDOC employee to assist the inmate. If the inmate is provided assistance, the hearing may be delayed up to five (5) working days, if requested. Neither other inmate's nor free-world counsel may represent an inmate in a disciplinary hearing. Complete item 10 on the Form 225B. In any case where a disciplinary or rule violation has

been voided or otherwise overturned as a result of a technicality or due process violation, but where the behavior indicates the need for a more restrictive placement or custody, classification and/or the Central Review Board may classify the offender as deemed appropriate based upon the specific act or behavior itself.

D.   Adjudication - A major violation may be adjudicated with a behavioral citation in accordance with AR 414 provided the following conditions are met:

   1.   There is no injury to staff during the incident or as a result of the violation.

   2.   No consequences arise which result in the loss or destruction of property and security of the institution.

   3.   There is no serious injury to inmates as a result of the violation or incident.

   4.   The violator is not likely to receive disciplinary segregation.

   5.   With written justification any combination of the Citing Officer, Receiving Supervisor, or the Warden or his/her designee, determines that a behavioral citation is appropriate due to circumstances of the incident or violation.

E.   For mental health inmates deemed competent to participate in the disciplinary process, the disciplinary hearing officer will consider the mental health evaluation and any pertinent recommendations prior to determining the inmate's guilt or innocence in making a disposition of the case. The institutional psychologist will be contacted for clarification, if the hearing officer has questions about recommendations. If the inmate is found guilty, the hearing officer may impose punishment and/or refer the inmate for treatment.

F.   The disciplinary process will not proceed for an inmate deemed incompetent. The process will be suspended until the inmate has been restored to competency. The institutional psychologist will advise the disciplinary hearing officer when the inmate has been restored to competency, and the disciplinary hearing process can proceed. If the inmate has not been restored to competency within six months, information regarding the rule violation and the inmate's inability to proceed with the disciplinary hearing will be documented in an incident report. The incident report will be filed in the inmate's institutional file. The disciplinary report will be removed from the file and no further action will be taken.

G.   Referral for a mental health consultation to the disciplinary process may be made: 1) at the time of the rule violation, 2) when review of the disciplinary report identifies the inmate as having a serious mental illness, or 3) whenever an inmate not previously identified as having a serious mental illness demonstrates signs of compromised functioning during the hearing process.

## VII    SANCTIONS

A.    Annex A, Violations Table and Authorized Sanctions, contains a table listing by violation number and the violation type and sanctions. Annex B, Definitions and Examples of Rule Violations, contains definitions and examples of the violations listed in Annex A.

B.    Inmates removed from programs for conviction of a new crime will be permanently removed from eligibility for correctional incentive time by placement in Class IV CIT status permanently (See Administrative Regulation 427 and 432).

C.    Approved actions by the Warden or his/her designee is final and the sanctions will begin on the effective date shown on the charges.

VIII    STANDARD OPERATING PROCEDURES

Institutions may prepare a Standard Operating Procedure (SOP) to ensure compliance with provisions of this regulation.

IX    APPEAL OF THE INMATE

The inmate may not appeal the final action by the Warden or his/her designee.

X    REFERENCE

Administrative Regulation 414, "Behavior Citation Procedures for Informal Disciplinary Actions"

XI    SUPERSESSION

This regulation supersedes Administrative Regulation 403, dated October 3, 1996.


Donal Campbell, Commissioner

ANNEXES

Annex A - Violations Table and Authorized Sanctions

Annex B - Definitions and Examples of Rule Violations

Annex C - ALDOC Disciplinary Report (ALDOC Form 225B)

Annex D - Notice of Postponement of Disciplinary Hearing (ALDOC Form 225D)

AR 403 January 30, 2003

# ALABAMA DEPARTMENT OF CORRECTIONS
## VIOLATIONS TABLE AND AUTHORIZED SANCTIONS
## ANNEX A

### VIOLATION AGAINST PERSONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 28 | HOMICIDE |
| 29 | ASSAULT ON PERSON(S) ASSOCIATED WITH THE ALDOC |
| 30 | ASSAULT ON PERSON(S) NOT ASSOCIATED WITH ALDOC |
| 31 | ASSAULT ON ANOTHER INMATE |
| 32 | SEIZING OR HOLDING HOSTAGES |
| 33 | UNLAWFULLY DETAINING ANY PERSONS |
| 34 | FIGHTING WITH A WEAPON |
| 35 | FIGHTING WITHOUT A WEAPON |
| 36 | SEXUAL ASSAULT (FORCIBLE) |
| 37 | SEXUAL OFFENSE (NON-FORCIBLE)/SOLICITING |
| 38 | INDECENT EXPOSURE/EXHIBITION |
| 39 | EXTORTION OR BLACKMAIL |
| 40 | ROBBERY |
| 41 | MAKING FALSE STATEMENT OR CHARGE TO A ALDOC EMPLOYEE WITH INTENT TO DECEIVE THE EMPLOYEE OR TO PREJUDICE ANOTHER PERSON |
| 42 | GATHERING AROUND AN EMPLOYEE IN A THREATENING OR INTIMIDATING MANNER |
| 44 | THREATS |

### SECURITY VIOLATION

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 45 | ESCAPE BY FORCE |

Annex A to AR 403 (page 1 of 4)

10 of 24

**ALABAMA DEPARTMENT OF CORRECTIONS**
**VIOLATIONS TABLE AND AUTHORIZED SANCTIONS**
**ANNEX A (Continued)**

| | |
|---|---|
| 46 | ATTEMPT TO ESCAPE BY FORCE |
| 47 | ESCAPE WITHOUT FORCE |
| 48 | ATTEMPT TO ESCAPE WITHOUT FORCE |
| 49 | ABSENT WITHOUT LEAVE |
| 50 | BEING IN AN UNAUTHORIZED AREA |
| 51 | UNAUTHORIZED POSSESSION OF ESCAPE DEVICE |
| 52 | UNAUTHORIZED POSSESSION OF WEAPON OR DEVICE THAT COULD BE USED AS A WEAPON |
| 53 | INCITING TO RIOT OR RIOTING |
| 54 | REFUSING TO WORK/FAILING TO CHECK OUT FOR WORK/ENCOURAGING OR CAUSING OTHERS TO STOP WORK |
| 56 | FAILURE TO OBEY A DIRECT ORDER OF ALDOC OFFICIAL |
| 57 | INSUBORDINATION |
| 59 | DELAYING, HINDERING, OR INTERFERING WITH AN EMPLOYEE IN PERFORMANCE OF HIS/HER DUTY |
| 60 | BRIBERY OR ATTEMPTED BRIBERY |
| 61 | DISRUPTING THE COUNT |
| 62 | INTENTIONALLY CREATING A SECURITY, SAFETY, OR HEALTH HAZARD |
| 63 | DISORDERLY CONDUCT |
| 64 | POSSESSION OF CONTRABAND. INCLUDES POSSESSION OF CURRENCY UNLESS APPROVED BY THE WARDEN |
| 65 | POSSESSION OF UNAUTHORIZED OR UNPRESCRIBED DRUGS, INTOXICANTS, OR |

Annex A to AR 403 (page 2 of 4)

AR 403 January 30, 2003

**ALABAMA DEPARTMENT OF CORRECTIONS**
**VIOLATIONS TABLE AND AUTHORIZED SANCTIONS**
**ANNEX A (Continued)**

PARAPHERNALIA. ALSO, CONSUMPTION OR USE OF, OR UNDER THE INFLUENCE OF ALCOHOL, NARCOTICS, OR OTHER INTOXICANTS.

## PROPERTY VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 68 | THEFT, DAMAGE, OR DESTRUCTION OF ANOTHER'S PERSONAL PROPERTY |
| 69 | DESTROYING, STEALING, DISPOSING, ALTERING, DAMAGING, OR SELLING STATE PROPERTY |
| 70 | UNAUTHORIZED POSSESSION OF OTHER'S PROPERTY |
| 71 | ARSON |
| 72 | FORGERY |
| 73 | COUNTERFEITING |

## POLICY VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 78 | FAILURE TO COMPLY WITH THE AGREEMENT AND CONDITIONS OF LEAVE AND PASS |
| 86 | BEING FIRED FROM JOB |

## PERSONAL VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 90 | CONSUMPTION OR USE OF, OR UNDER THE INFLUENCE OF ALCOHOL, NARCOTICS OR OTHER INTOXICANTS |

## MISCELLANEOUS VIOLATIONS

| MAJOR RULE VIOLATION | VIOLATION TYPE |
|---|---|
| 91 | CONSPIRACY TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES |

Annex A to AR 403 (page 3 of 4)

AR 403 January 30, 2003

**ALABAMA DEPARTMENT OF CORRECTIONS**
**VIOLATIONS TABLE AND AUTHORIZED SANCTIONS**
**ANNEX A (Continued)**

| 92 | AIDING AND ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES |
| 93 | VIOLATION OF STATE OR FEDERAL LAW |
| 94 | SOLICITING SEXUAL ACT |
| PV | VIOLATION OF PAROLE (RECOMMENDED BY P&P) |

**WORK RELEASE AND SIR VIOLATIONS**

| MAJOR RULE VIOLATION | VIOLATION TYPE |
| --- | --- |
| E8 | VIOLATION OF SIR CONTRACT |
| E9 | ABSCONDING FROM SUPERVISION, ABSENT WITHOUT PERMISSION |

NOTE:    Inmates are subject to all Rule Violations (28 thru E9). Rules E1 through E3 (see AR 414) and E8 and E9 (this regulation) are designed primarily to manage/govern behavior of inmates. In addition to punishments authorized for major violations outlined in this Annex, inmates who violate, and are convicted of, any of these rules (28 thru E9) may also be removed from the Work Release or SIR Program.

**AUTHORIZED SANCTIONS**

1.    Loss of a portion or all good time the inmate has earned.

2.    Confinement to Segregation.

3.    Recommend custody review.

4.    Loss of any and all privileges up to 90 days.

Annex A to AR 403 (Page 4 of 4)

AR 403 January 30, 2003

# ALABAMA DEPARTMENT OF CORRECTIONS
## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS
## ANNEX B

### VIOLATION AGAINST PERSONS

28    HOMICIDE - The death of a human being caused by another person's actions.

29    ASSAULT ON A PERSON (S) ASSOCIATED WITH THE ALDOC- Any willful attempt or threat to inflict injury upon an officer of ALDOC, employee, or other person associated with the ALDOC giving the victim reason to fear or expect immediate bodily harm.

30    ASSAULT ON A PERSON (S) NOT ASSOCIATED WITH ALDOC - See #29 above.

31    ASSAULT ON ANOTHER INMATE - See #28 or #29 above.

32    SEIZING OR HOLDING HOSTAGES IN ANY MANNER - Abducting any individual with the intent to hold him/her for ransom or reward, to use him/her as a shield, or to use him/her as an aid in the commission of a felony or escape.

33    UNLAWFULLY DETAINING ANY PERSON - Holding any person against his/her will, even though the intent to create a hostage situation was not present.

34    FIGHTING WITH A WEAPON - Two or more individuals engaging in a mutual combat with a weapon(s) or a device(s) used as a weapon(s) during which combat the principal aggressor cannot be determined.

35    FIGHTING WITHOUT A WEAPON - Similar to #34 above except that a weapon or device used as a weapon are not present.

36    SEXUAL ASSAULT (FORCIBLE) - See #29 above; assault with the intention to commit the crime of rape or other sexual offense.

37    SEXUAL OFFENSE (NON-FORCIBLE)/SOLICITING - Commission of any sexual act during which both participants act willingly. To include hugging, fondling, caressing, kissing, etc.

38    INDECENT EXPOSURE/EXHIBITIONISM - Exposure to sight of the private parts of the body in a lewd or indecent manner.

39    EXTORTION OR BLACKMAIL - Demanding or attempting to demand, or receiving money or anything of value in return for protection from others in order to avoid bodily harm, or under threat of any kind.

40    ROBBERY - The taking of property from another by the use of force, or the threat of the use of force with the intent to deprive that individual of the property.

41    MAKING FALSE STATEMENTS OR CHARGES –The speaking of slanderous, defamatory, or untrue words tending to prejudice another.

42    GATHERING IN A THREATENING OR INTIMIDATING MANNER - Self-explanatory.

Annex B to AR 403 (Page 1 of 4)

AR 403 January 30, 2003

## ALABAMA DEPARTMENT OF CORRECTIONS
## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS
## ANNEX B (Continued)

44    THREATS - A communicated intent to do bodily harm to another individual or group by verbal or written expression.

## SECURITY VIOLATIONS

45    ESCAPE BY FORCE - The departure out of the custody of the ALDOC or other legal agency by a lawfully detained inmate with the intent to avoid confinement by use of constraining power, compulsion, or force.

46    ATTEMPT TO ESCAPE BY FORCE - An endeavor to escape or conspire to escape by force (see #45 above) resulting in recapture prior to leaving state custody or other controlling agency.

47    ESCAPE WITHOUT FORCE - See #45 above, except that there is no use of constraining power, compulsion, or force involved.

48    ATTEMPT TO ESCAPE (WITHOUT FORCE) - See #46 above, except that there is no use of constraining power, compulsion, or force involved.

49    ABSENT WITHOUT LEAVE - Not returning from leave or pass within two hours of the designated time.

50    BEING IN AN UNAUTHORIZED AREA - Also includes being ardent from assigned work area or place of employment and/or being absent from assigned quarters without permission.

51    UNAUTHORIZED POSSESSION OF ESCAPE DEVICE - Having in one's possession any device which could be used to attempt or effect an escape, such as, but not limited to, an instrument to pick a lock, a homemade key, a disguise, or a replica of a human being.

52    UNAUTHORIZED POSSESSION OF A WEAPON OR DEVICE THAT COULD BE USED AS A WEAPON - Any instrument which could be used in a violent manner, such as a device with a pointed and/or sharpened end, or a homemade club, or any item which appears to be a weapon.

53    INCITING TO RIOT OR RIOTING - To incite a riot is to solicit or urge other persons by speech or actions to engage in a conduct which would create a substantial risk to institutional security or public safety, whereas rioting is the action of five or more people engaging in such behavior.

54    REFUSING TO WORK/FAILURE TO CHECK OUT FOR WORK/ENCOURAGING OR CAUSING OTHERS TO STOP WORK - Self-explanatory.

56    FAILURE TO OBEY A DIRECT ORDER OF A ALDOC OFFICIAL - Not complying with an order issued by an ALDOC employee in the performance of duty.

57    INSUBORDINATION - Any act, gesture, remark or statement which obviously reflects disrespect to lawful authority.

Annex B to AR 403 (Page 2 of 4)

AR 403 January 30, 2003

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS**
**ANNEX B (Continued)**

59    DELAYING, HINDERING, OR INTERFERING WITH AN EMPLOYEE IN PERFORMANCE OF HIS DUTY - Self-explanatory.

60    BRIBERY OR ATTEMPTED BRIBERY - Offering or conferring upon a public servant anything of value with the intent to affect or influence official action, or receiving anything of value for such a purpose.

61    DISRUPTING THE COUNT - Any action intended to which otherwise effects a miscount of inmates within the institution.

62    INTENTIONALLY CREATING A SECURITY, SAFETY OR HEALTH HAZARD – Creating a situation which could cause serious impairment to the operation of        the institution, harm to individuals, or result in destruction of property.

63    DISORDERLY CONDUCT – Conduct or actions that would create risk, inconvenience, or alarm to normal institutional/facility security or routine operation.

64    POSSESSION OF CONTRABAND - The possession of any item not issued to the inmate by an ALDOC employee, sold in the Canteen Store or approved by the Warden, to include possession of U.S. currency in any amount, or items in excessive amounts.

65    POSSESSION OF UNAUTHORIZED OR UNPRESCRIBED DRUGS, INTOXICANTS, OR PARAPHERNALIA – To include anything used in the administration of drugs or for the manufacture of drugs: for example, a paper bag with traces of glue inside, or the ingredients to make home brew or an intoxicating substance, or storage by the inmate or possession by the inmate of any psychotropic medication unless a specific exception is made by the prescribing physician (the inmate must keep a copy of the physician's authorization with medication at all times).

**PROPERTY VIOLATIONS**

68    THEFT, DAMAGE OR DESTRUCTION OF ANOTHER'S PERSONAL PROPERTY – The taking of the property of another person without threat, force, or coercion, with the intent to permanently deprive the owner of the property.

69    DESTROYING, STEALING, DISPOSING, ALTERING, DAMAGING, OR SELLING STATE PROPERTY - Self-explanatory.

70    UNAUTHORIZED POSSESSION OF OTHER'S PROPERTY - Self-explanatory.

71    ARSON - The malicious burning, either by fire or explosion, of state property or items belonging to the inmate or another person.

72    FORGERY - The altering, possession, or transfer of a written instrument or document with the intent to defraud or deceive.

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS**
**ANNEX B (Continued)**

73    COUNTERFEITING - To copy or imitate, without authority, in order to deceive or defraud by passing the copy as the original; for example, altering postage stamps, money orders or other documents.

## POLICY VIOLATIONS

78    FAILURE TO COMPLY WITH THE AGREEMENT AND CONDITIONS OF LEAVE OR PASS - To include travel arrangements of the leave or pass plan.

86    BEING FIRED FROM A JOB - Being released from employment, or assigned job, because of sloppy work, insolent language, or other culpable behavior on the part of the inmate.

## PERSONAL VIOLATIONS

90    CONSUMPTION OR USE OF, OR UNDER THE INFLUENCE OF ALCOHOL, NARCOTICS OR OTHER INTOXICANTS - The use of unauthorized narcotic substance or other intoxicant by sniffing, injection, or orally ingesting.

## MISCELLANEOUS VIOLATIONS

91    CONSPIRACY TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES - A combination or confederacy between two or more inmates **or** one or more inmates and one or more free world persons for the purpose of violating same departmental or institutional rule, even though the act is not consummated or carried out.

92    AIDING AND ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES - To help, assist or facilitate the violation of a departmental or institutional rule by encouragement of counsel as to its commission with words, acts, support, presence, or assistance rendered.

93    VIOLATION OF STATE OR FEDERAL STATUTE - Self-explanatory.

94    SOLICITING SEXUAL ACT - Self-explanatory.

PV    VIOLATION OF PAROLE - Violation to be determined by Pardons and Paroles Officer/Board.

## WORK RELEASE AND SIR VIOLATIONS

E8    VIOLATION OF SIR CONTRACT – Self-explanatory

E9    ABSCONDING FROM SUPERVISION, ABSENT WITHOUT PERMISSION – Self-explanatory

Annex B to AR 403 (Page 4 of 4)

AR 403 January 30, 2003

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: _____     Custody: _____     AIS _____

2.  Facility: _____

3.  The above inmate is being charged by _____ with a violation of Rule Number _____ specifically _____ from regulation #_____ which occurred on or about _____, 20 _____ at (time) _____(am/pm), Location: _____. A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: _____

    _____

    _____

    _____          _____
    Date                                 Arresting Officer/Signature/Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _____ day of _____ 20 _____ , at (time)_____ (am/pm).

    _____          _____
    Serving Officer/Signature/Rank       Inmate's Signature/AIS Number

6.  Witnesses desired? NO_____     YES_____
                    Inmate's Signature            Inmate's Signature

7.  If yes, list

    _____

    _____

8.  Hearing Date_____ Time _____Place _____

9.  Inmate must be present in Hearing Room. If he/she is not present explain in detail on a additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing him/herself.

    _____
    Signature/Hearing Officer
11. Plea: _____ Not Guilty _____ Guilty

12. The Arresting Officer, inmate, and all witnesses were sworn to tell the truth.

    _____
    Signature/Hearing Officer

    Annex C to AR 403 (Page 1 of 5)

AR 403 January 30, 2003

Arresting Officers testimony (at the hearing): _____

_____

_____

_____

13.    Inmate's Testimony:_____

_____

_____

_____

Witness: _____    Substance of Testimony:_____

_____

_____

Witness: _____    Substance of Testimony:_____

_____

_____

Witness: _____    Substance of Testimony: _____

_____

_____

14.    The inmate was allowed to submit written questions to all witnesses. Copy of questions and answers are attached.

_____
Signature/Hearing Officer

15.    The following witnesses were not called - Reason not called

1. _____    _____

2. _____    _____

3. _____    _____

Annex C to AR 403 (Page 2 of 5)

AR 403 January 30, 2003

16.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific) the Hearing Officer finds that:

_____

_____

_____

_____

17.  Basis for Findings of Fact:

_____

_____

_____

_____

18.  Hearing Officer's Decision: _____ Guilty _____ Not Guilty

19.  Recommendation of Hearing Officer:

_____

_____

_____

_____

_____


_____          _____
Signature/Hearing Officer                Type Name and Title

20.  Warden's Action – Date

_____

     Approved

_____

     Disapproved

_____

     Other (Specify)

_____

_____

21.  Reason if more than 30 calendar days delay in action._____

_____

22.  I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this _____ day of _____ 20___ , at time)_____(am/pm).

_____  _____
Signature/Serving Officer/Title            Inmate's Signature/AIS Number

Annex C to AR 403 (Page 3 of 5)

AR 403 January 30, 2003

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT (OPTIONAL)**

Inmate Name/AIS Number _____     Incident Report No. _____

Facility: _____

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING
OFFICER (QBHO) TO ARRESTING OFFICER: _____

_____

_____

_____

_____

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO)
TO INMATE: _____

_____

_____

_____

_____

CONTINUED WITNESS TESTIMONY (QBHO): _____

_____

_____

_____

_____

CONTINUED FINDINGS OF FACT: _____

_____

_____

_____

_____

Annex C to AR 403 (Page 4 of 5)

AR 403 January 30, 2003

CONTINUED BASIS FOR FINDINGS OF FACT: _____

_____

_____

_____

_____

CONTINUED HEARING OFFICER'S RECOMMENDATIONS: _____

_____

_____

_____

_____

OTHER: _____

_____

_____

_____

_____

Annex C to AR 403 (Page 5 of 5)

ALDOC Form 225D

AR 403 January 30, 2003

**ALABAMA DEPARTMENT OF CORRECTIONS**
**NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING**

Inmate's Name: _____     AIS #: _____

Violation(s): _____

Notice is hereby given that your Disciplinary hearing which was scheduled on _____ has

been rescheduled for _____

Reason for rescheduling: _____

_____

_____                    _____
Inmate's Signature                          Serving Officer's Signature

**ALABAMA DEPARTMENT OF CORRECTIONS**
**NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING**

Inmate's Name: _____     AIS: _____

Violation (s): _____

Notice is hereby given that your Disciplinary hearing which was scheduled on _____ has been

rescheduled for _____

Reason for rescheduling: _____

_____

_____                    _____
Inmate's Signature                          Serving Officer's Signature

Annex D to AR 403

24 of 24

AR 403 January 30, 2003



STATE OF ALABAMA

## DEPARTMENT OF CORRECTIONS

Post Office Box 301501
Montgomery, Alabama 36130-1501

**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

July 25, 2003

TO:  WARDENS
HEADS OF STAFF AGENCIES
DIVISION HEADS
ADMINISTRATIVE REGULATION MONITORS

CHANGE #1
ADMINISTRATIVE REGULATION 403

**DISCIPLINARY HEARING PROCEDURES FOR MAJOR RULE VIOLATIONS**

PURPOSE:  To include contract security employees who will be serving in the same capacities as ALDOC employees.

CHANGES TO BE MADE:

| <u>Reference</u> | <u>Action Required</u> |
|---|---|
| Section IA | Change the second sentence to read: <br> "The Commissioner, or designee(s), Wardens, ALDOC employees and contract employees whose duties involve the Hearing or processing of disciplinary proceedings are responsible for following the provisions of this regulation." |
| Section IIIA | Change the first sentence to read: <br> "The arrest or charge of an inmate for a rule violation may be made by any employee or contract employee of the ALDOC." |
| Section IIIB | Change the first sentence to read: <br> "Wardens will appoint an ALDOC employee, or contracted employee, to serve as Hearing Officer of any charge(s) brought against an inmate pursuant to AR 403." |

Section IVC                    Change the fourth sentence to read:
                               "If the inmate is not capable of acting in his/her own defense, the appoint an
                               on-duty ALDOC employee, or contracted employee, to assist the inmate."

File this numbered change at the back of the regulation after annotating both the index and the regulation to indicate
the required changes have been completed.   Advise all personnel in your organization of the change to this
regulation.

_____
Donal Campbell, Commissioner





**STATE OF ALABAMA**

**DEPARTMENT OF CORRECTIONS**

FOB JAMES, JR.
GOVERNOR

Research, Monitoring, & Evaluation
Post Office Box 301501
Montgomery, Alabama 36130-1501

JOE S. HOPPER
COMMISSIONER

October 3, 1996

ADMINISTRATIVE REGULATION          OPR:  INSTITUTIONS
NUMBER          414

BEHAVIOR CITATION PROCEDURES
FOR INFORMAL DISCIPLINARY ACTIONS

I.   **GENERAL**

A.   This regulation establishes policies/procedures governing the
conduct and disposition of Informal Disciplinary Actions for
inmates in the custody/control of Alabama Department of
Corrections.    The   Wardens,   their   designee(s)  and  other
Department of Corrections (DOC) employees whose duties involve
the citing or processing of informal disciplinary actions is
responsible for following the provisions of this regulation.  In
all procedures requiring action by the Warden, he/she may act
through his/her designee.

*Change #2
7-25-03*

B.   A Supervisor will investigate and make recommendations of
sanctions to the Warden or his/her designee for Behavior
Citations initiated by DOC employees or ~~their Medical~~ Contracted
employees.

*Eng Msg
chy To Bill
chy 1*

C.   Sanctions may include, but are not limited to:   loss of any or
all privileges (visitation, canteen, telephone, pass,  incentive
or hobby craft program,  etc.),  being placed on extra duty,
change in job assignment, removal from good time earning status, and
referral  to Classification for custody review, ~~and assignment to
institutional chain gang for up to fifteen (15) days.~~

D.   Any major or minor violation of a certain nature may be
adjudicated via a behavioral citation if said violation meets
criteria established in AR 403.

## II.   PURPOSE

A.   To correct rule infractions committed by inmates for which formal disciplinary action is not deemed appropriate by the citing employee. Sanctions or punishment resulting from this informal action will not result in forfeiture of earned good time.

B.   To be used to obtain a desirable level of behavior and control of inmates at the lowest level of inmate supervision. Supervisors at all levels will insure that Behavior Citations are constructively used by subordinates.

C.   To reduce the number of lengthy hearings, requiring numerous man-hours, when sanctions imposed do not require a due process hearing.

## III.   PROCEDURES

A.   Any inmate in the custody and control of the Alabama Department of Corrections who commits a violation of institutional or departmental rules, may be issued a Behavior Citation (Annex A) by employees or medical contract employees of the Department of Corrections.

B.   The Citing Employee will inform the inmate that a Behavior Citation is being initiated against him/her and the reason(s) therefor. The Behavior Citation Form should be completed and turned in to the Supervisor before the employee leaves the facility (may hand-write the form if legible). Incident Reports (Form 601) are required on all violations of institutional or departmental rules in accordance with ADOC AR 302.

C.   The employee's Supervisor will conduct an informal investigation surrounding the circumstances of the incident utilizing the Behavior Citation and the Incident Report. He/she will confer with the employee to determine the facts and they may meet with the inmate to present the findings. He/she will then make a recommendation of sanctions, if warranted, to the Warden or his/her designee. The loss of privileges or other sanctions shall not exceed a period of 45 days, however, the sanction recommended should only be severe enough to correct the inmate's behavior. One or more sanctions may be recommended.

D.   The Supervisor will forward the Behavior Citation and Incident Report to the Warden or his/her designee for final action. The Warden/designee will render a final decision as to the sanctions and action to be taken. Sanctions may be modified to insure consistency throughout the institution. The action may also be disapproved totally or disapproved and returned to the citing employee/employee's supervisor to initiate formal disciplinary action in accordance with ADOC AR 403.

-2-

E.   After the Warden/designee has completed his action, the inmate will be served a completed copy informing him/her of the approved sanctions and the effective date. Inmate will be required to sign for his/her copy or the serving employee will write "Refused to Sign" and give the inmate a copy.

F.   Distribution will be made to those offices affected by the sanctions (Business Office, etc.) and to Classification for data entry and to facility and Central Records for filing.

## IV.   APPEAL BY THE INMATE

The inmate may not appeal the final action by the Warden or his/her designee.

## V.   REFERENCE

Administrative Regulation 403, "Disciplinary Hearing Procedures for Major Rule Violations"

## VI.   SUPERSESSION

This regulation supersedes Administrative Regulation 414, dated November 7, 1995.

_Joe S. Hopper, Commissioner_

## ANNEXES

Annex A     Behavior Citation (Major Institutions)
Annex B     Behavior Citation (Work Releases)
Annex C     Violation Table and Punishments
Annex D     Definitions and Examples of Rule Violations

## SUMMARY OF CHANGES

Modifies procedures and Annexes A, C and D.

-3-

## VIOLATION AND TABLE PUNISHMENT

| MINOR RULES VIOLATIONS | VIOLATIONS TYPES |
|---|---|
| | **Violation Against Persons** |
| 43 | Harassment |
| 55, 58, 63 and 65 | **Security Violations** |
| 55 | Unsatisfactory work |
| 58 | Lying or giving false information or testimony to an employee |
| 63 | Disorderly conduct |
| ~~65~~ | ~~Failure to report~~   Chg 1 |
| 74 thru 77<br>79 thru 85<br>87 and 89 | **Policy and Procedure Violations** |
| 74 | Gambling |
| 75 | Violation of institutional mail rules |
| 76 | Corresponding with another inmate without permission |
| 77 | Violation of visiting privileges |
| 79 | Unauthorized operation of a vehicle |
| 80 | Unauthorized use of institutional resources |
| 81 | Feigning illness |
| 82 | Marrying without permission |
| 83 | Charging or accepting any compensation for legal assistance |
| 84 | Unauthorized use of telephone |
| 85 | Violation of institutional rules and regulations |
| 87 | Malingering |

Annex C to AR 414 (Page 1 of 2)

**MINOR RULES VIOLATIONS**

89

95
(Including Parole Violation—PV)

95

Chang 96 Add'l

PV

E1 thru E3

E1

E2

E3

**VIOLATIONS TYPES**

Violation of DOC clothing policy

**Miscellaneous**

Possession of any gang paraphernalia, drawings or graffiti to include the utilization of any known gang symbols
Failure to Report
Violation of parole-violation to be determined by Pardons and Paroles Officer/Board

**Additional rules applicable to inmates assigned to Work Release and Supervised Intensive Restitution (SIR) Program**

Failure to Pay Fees - (Supervision, court costs, restitution, child support, debts incurred, or any other court ordered fees)

Curfew violations

Changing sponsor, residence or employment without supervisor's approval

Annex C to AR 414 (Page 2 of 2)

## DEFINITIONS AND EXAMPLES OF RULE VIOLATIONS

### 43 – Violation Against Persons

43    HARASSMENT - To badger, bait, torment, or hound; also to intimidate another by unlawful coercion or duress.

### 55, 58, 63 and 65 – Security Violations

55    UNSATISFACTORY WORK - Assigned work not performed in a satisfactory manner due to carelessness, inattention to detail, or indifference.

58    LYING OR GIVING FALSE INFORMATION OR TESTIMONY TO AN EMPLOYEE - Making statements which are known to be untrue, especially to deceive an employee of the DOC, such as lying to a Hearing Officer.

63    DISORDERLY CONDUCT - Any behavior that is contrary to institutional policy or regulation, and may tend to disturb the security of the institution.



65    ~~FAILURE TO REPORT - Not reporting for appointments or~~ being at a ~~designated place as ordered by any DOC employee.~~

### 74 thru 77, 79 thru 85, 87, 89 and 90 – Policy and Procedure Violations

74    GAMBLING - Conduct in which a person stakes or risks something of value based upon the outcome of a contest of chance, or the possession of equipment or paraphernalia used in said contest, or the operation of such a contest.

75    VIOLATION OF INSTITUTIONAL MAIL RULES - The specific definition of the charge depends upon the mail rules.

76    CORRESPONDING WITH ANOTHER INMATE WITHOUT PERMISSION - Self explanatory

77    VIOLATION OF VISITING PROCEDURES - The specific charge depends upon the visiting procedures at the particular institution at which the violation occurs.

79    UNAUTHORIZED OPERATION OF A VEHICLE - To include the operation of a state vehicle in an unauthorized area.

80    UNAUTHORIZED USE OF INSTITUTIONAL RESOURCES - The use of institutional or departmental supplies, tools, equipment or machinery without permission.

81    FEIGNING ILLNESS - Self explanatory

82    MARRYING WITHOUT PERMISSION - Self explanatory

Annex D to AR 414 (Page 1 of 2)

83  **CHARGING OR ACCEPTING ANY COMPENSATION FOR LEGAL ASSISTANCE OR OTHER SERVICES RENDERED** - Aiding another inmate with administrative matters or other services rendered, such as disciplinaries, classification proceedings, and related appeals for compensation.

84  **UNAUTHORIZED USE OF TELEPHONE** - The specific definition of the charge depends upon the rules governing the use of the telephone.

85  **VIOLATION OF INSTITUTIONAL RULES OR REGULATIONS** - The specific definition of the charge depends upon the nature of the institutional rules or regulation.

87  **MALINGERING** - To pretend to be ill or injured to avoid duty or work.

89  **VIOLATION OF DOC CLOTHING POLICY** - To include unauthorized wearing and possession of jewelry.

**95 (Including Parole Violation - PV) - Miscellaneous**

95  **POSSESSION OF ANY GANG PARAPHERNALIA, DRAWINGS OR GRAFFITI** - Self explanatory
96  Failure to Report - Added chg 1

PV  **VIOLATION OF PAROLE** - Violation to be determined by Pardons and Paroles Officer/Board

**E1 thru E3    Additional Rules Applicable to Inmates Assigned to Work Release and Supervised Intensive Restitution (SIR) Program** - Self explanatory

Annex D to AR 414 (Page 2 of 2)

ALABAMA DEPARTMENT OF CORRECTIONS
MAJOR INSTITUTIONS - BEHAVIOR CITATION

INMATE: _____    AIS: _____    CELL/DORM/BED #:_____

FACILITY: _____    JOB ASGMT: _____    CUSTODY: _____
The above named inmate is cited by _____ for the following
violation(s) of institutional/departmental rule(s) as described:

_____

Date of Infraction: _____    Time of Infraction: _____ (am or pm)
Location of Infraction: _____

_____
                                        Citing Employee's Signature/Date
*********************************************************************
I have investigated the circumstances surrounding this citation and recommend that
the following sanction(s) be taken against this inmate:

( ) Counseling/Warning  ( )  Loss of Telephone Privileges for _____ days
( ) Loss of Canteen Privileges for _____ days  ( ) Removal from Incentive Program
( ) Loss of Visiting Privileges for _____ days  ( ) Removal from Hobby Crafts Prg.
( ) Extra Duty for _____ days at ___ hours per day under supervision of ____ Shift
( ) Removal from good time earning status
( ) Referral to Classification for custody review
( ) Assignment to institutional chain gang for up to fifteen (15) days

_____    _____
Inmate's Signature/AIS/Date          Shift Supervisor's Signature/Title/Date

*********************************************************************
After having reviewed this citation and the recommended sanction(s) presented, the
following action is approved:

( ) Citation and sanctions are approved
( ) Citation and sanctions are approved as modified below:

_____

( ) Citation and sanctions are disapproved and formal disciplinary action is to be
    immediately initiated under the provisions of ADOC AR 403.
( ) Citation and sanctions are disapproved.  Expunge action from inmate's file.

_____    _____
Effective Date of Sanctions          Warden/Designee's Signature/Date
*********************************************************************

Inmates receipt of completed action:    _____
                                        Inmate's Signature/AIS/Date

Serving Officer's Initials: _____
*********************************************************************
Distribution: ( ) Captain  ( ) Shift Cmdr ____ Shift  ( ) Business Office  ( ) ICS
(As Required) ( ) Psychologist  ( ) Classification  ( ) Central Records  ( ) File

                                        Annex A to AR 414

ALABAMA DEPARTMENT OF CORRECTIONS
WORK RELEASES - BEHAVIOR CITATION

SECTION I

INMATE NAME: _____    AIS: _____    BED #: _____

Citing Employee's Name: _____    Title: _____

The above inmate is cited for the following violation(s) of
institutional/departmental rule(s) as described below:

Rule(s) Number: _____

_____

SECTION II

For this citation, it is recommended that the following action be taken against
this inmate:

_____    Counseling/Warning
_____    Loss of TV/Recreation Hall/Games for _____ days
_____    Extra Duty _____ hours for _____ days
_____    Loss of Outside Privileges for _____ days
_____    Loss of Telephone Privileges for _____ days
_____    Loss of Visiting Privileges for _____ days
_____    Restriction/State Whites for _____ days
_____    Loss of Passes for _____ days
_____    Return to Inmate Staff for _____ days/week(s)
_____    Draw cut to $ _____ per week for _____ week(s)
_____    Other _____

_____    _____
Citing Employee's Signature/Date        Shift Supervisor's Signature/Date

_____    _____
Inmate's Signature                      AIS Number          Date

SECTION III

_____    I CONCUR with the recommendation(s) stated above.
_____    I DO NOT CONCUR and recommend the following:

_____

Modification Begins: _____
            Ends: _____

_____
Warden's Signature/Date

Distribution as Applicable
Inmate's File

Annex B to AR 414

From:S-SANDRA        Date:96/10/08        Time:11:22        Page: 1

To:041WARDN    Subject:EMERGENCY CHANGES - AR 403 & 414

Copies:041WARDN

======From:S-SANDRA===96/10/08===10:44===SANDRA BUTLER        240-9582==========
CTOBER 8, 1996

O:    WARDENS/DIRECTORS

ROM:   THOMAS A. GILKESON
       DIRECTOR OF RME

HE FOLLOWING EMERGENCY CHANGES SHOULD BE ANNOTATED TO ADMINISTRATIVE REGULA-
IONS 403 AND 414:

DMINISTRATIVE REGULATION 403:

ECTION VI/D4 - PAGE 8        CHANGE COMMA AFTER WORD "SEGREGATION" TO A PERIOD (.)
                             AND DELETE REMAINDER OF SENTENCE.

DMINISTRATIVE REGULATION 414:

ECTION I/C - PAGE 1          AFTER THE WORD "STATUS" ADD "AND", AND DELETE REMAIN-
INE 4                        DER OF SENTENCE AFTER THE WORD "REVIEW" ON LINE FIVE.

NNEX A TO AR 414             IN THE SECTION STATING "SANCTION(S) THAT MAY BE TAKEN
                             AGAINST THE INMATE" DELETE "() ASSIGNMENT TO INSTITU-
                             TIONAL CHAIN GANG FOR UP TO FIFTEEN [15] DAYS"

HIS  CHANGE IS REQUIRED DO TO INCONSISTENCIES BETWEEN ADMINISTRATIVE REGULA-
IONS 403 AND 414.

ILE A COPY OF THIS CHANGE BEHIND EACH REGULATION UNTIL A HARD COPY OF CHANGES
RE RECEIVED.

AG/SJB
======From:S-SANDRA===96/10/08===11:22===SANDRA BUTLER        240-9582==========



STATE OF ALABAMA

## DEPARTMENT OF CORRECTIONS

FOB JAMES, JR.
GOVERNOR

Research, Monitoring, & Evaluation
Post Office Box 301501
Montgomery, Alabama 36130-1501

JOE S. HOPPER
COMMISSIONER

TO:   WARDENS                              CHANGE #1
      HEADS OF STAFF AGENCIES              ADMINISTRATIVE REGULATION #414
      DIVISION HEADS                       December 17, 1996

BEHAVIOR CITATION PROCEDURES
FOR INFORMAL DISCIPLINARY ACTIONS

1.   Purpose/explanation of changes:  To identify and reflect major Rule #65
     (a contraband violation) as minor Rule #96 (a miscellaneous
     violation).  It also incorporates a previous emergency change.

2.   Changes to be made:

     Reference                              Action Required
     Section I/C – Page 1, Line 4           After the word "status" add
                                            "and", and delete remainder of
                                            sentence after the word
                                            "review" on line five.

     Annex A                                In the section stating
                                            "sanction(s) that may be taken
                                            against the inmate" delete "( )
                                            assignment to institutional
                                            chain gang for up to fifteen
                                            [15] days".

     Annex C (Page 1)                       Delete" "Rule #65"

     Annex C (Page 2)                       Add:  Rule #96 – Failure to
     Miscellaneous                          Report

     Annex D (Page 1)                       Delete:  "Rule #65"



### STATE OF ALABAMA

## DEPARTMENT OF CORRECTIONS

FOB JAMES, JR.
GOVERNOR

Research, Monitoring, & Evaluation
Post Office Box 301501
Montgomery, Alabama 36130-1501

JOE S. HOPPER
COMMISSIONER

TO:  WARDENS                          CHANGE #1
     HEADS OF STAFF AGENCIES          ADMINISTRATIVE REGULATION #414
     DIVISION HEADS                   December 17, 1996

BEHAVIOR CITATION PROCEDURES
FOR INFORMAL DISCIPLINARY ACTIONS

1.  Purpose/explanation of changes:  To identify and reflect major Rule #65 (a contraband violation) as minor Rule #96 (a miscellaneous violation).  It also incorporates a previous emergency change.

2.  Changes to be made:

| Reference | Action Required |
|---|---|
| Section I/C – Page 1, Line 4 | After the word "status" add "and", and delete remainder of sentence after the word "review" on line five. |
| Annex A | In the section stating "sanction(s) that may be taken against the inmate" delete "( ) assignment to institutional chain gang for up to fifteen [15] days". |
| Annex C (Page 1) | Delete" "Rule #65" |
| Annex C (Page 2) Miscellaneous | Add:  Rule #96 – Failure to Report |
| Annex D (Page 1) | Delete:  "Rule #65" |



STATE OF ALABAMA

## DEPARTMENT OF CORRECTIONS

Post Office Box 301501
Montgomery, Alabama 36130-1501

**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

July 25, 2003

TO:  WARDENS                                                    CHANGE #2
     HEADS OF STAFF AGENCIES              ADMINISTRATIVE REGULATION 414
     DIVISION HEADS
     ADMINISTRATIVE REGULATION MONITORS

**BEHAVIOR CITATION PROCEDURES FOR INFORMAL DISCIPLINARY ACTIONS**

PURPOSE:   To include contract security employees who will be serving in the same capacities as ALDOC employees.

CHANGES TO BE MADE:

| Reference | Action Required |
|---|---|
| Section IB | Change paragraph to read:<br>"A Supervisor will investigate and make recommendations of sanctions to the Warden or his/her designee for Behavior Citations initiated by ALDOC employees or contracted employees." |

File this numbered change at the back of the regulation after annotating both the index and the regulation to indicate the required changes have been completed.  Advise all personnel in your organization of the change to this regulation.

_____

Donal Campbell, Commissioner