IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN ALPHONSE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:07cv82-MHT |
| | ) | (WO) |
| | ) | |
| JOHN CUMMINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Plaintiff Calvin Alphonse Lee filed this 42 U.S.C. § 1983 action challenging actions taken against him while he was confined at the Frank Lee Youth Center. Because Lee seeks only injunctive relief and because he is no longer incarcerated at the Frank Lee Youth Center or at any other state correctional facility, this case, for the reasons that follow, must be dismissed.

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not

permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. <u>Lewis v. Continental Bank Corp.</u>, 494 US. 472, 477 (1990). In other words, courts do not sit to render advisory opinions. <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971). An actual controversy must exist at all times when a case is pending. <u>Steffel v. Thompson</u>, 415 U. S. 452, 459 n.10 (1974).

In cases, such as this one, where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to render the cases moot. <u>National Black Police Assoc. v. District of Columbia</u>, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); <u>Tawwab v. Metz</u>, 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no

further concern in the outcome.  <u>Weinstein v. Bradford</u>, 423 U.S. 147 (1975); <u>see also</u> <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").

The Eleventh Circuit Court of Appeals has stated that:

> "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation."

<u>Saladin v. Milledgeville</u>, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted).  Thus, after an inmate has been transferred and there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief, the claim for injunctive relief is

moot. Darring v. Kincheloe, 783 F.2d 874, 876-77 (9th Cir. 1986).

Because Lee has been released from custody and is no longer incarcerated at the Frank Lee Youth Center, he is no longer subject to the actions about which he complains, and any request for injunctive or declaratory relief must be denied as moot. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Murphy v. Hunt, 455 U.S. 478, 481-82 (1982); See also Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to illegal conduct does not, in and of itself, show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

An appropriate judgment will be entered.

DONE, this 2nd day of March, 2010.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE